IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Watson Valve Services, Inc., | § | Case No. 20-30968 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | Emergency Hearing Requested |

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH AND/OR CASH COLLATERAL OUTSIDE THE ORDINARY COURSE OF BUSINESS ON AN INTERIM BASIS AND *NUNC PRO TUNC* TO THE PETITION DATE**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 14, 2020 AT 3:00 P.M. IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TX 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN FEBRUARY 14, 2020**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Valve Services, Inc. ("**Watson Valve**"), debtor and debtor in possession ("**Debtor**"), files this *Emergency Motion for Authority to Use Cash and/or Cash Collateral Outside the Ordinary Course of Business on an Interim Basis and Nunc Pro Tunc to the Petition Date* ("**Motion**") to obtain an Order that, inter alia, confirms the Debtor's authority to use cash and cash collateral on an interim basis pursuant to the proposed budget. Texas Capital Bank, N.A. ("**Texas Capital**"), which has a lien on the Debtor's cash collateral consents to the relief requested by the Debtor in this Motion. The Debtor respectfully states the following in support of this Motion:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding and the Court may hear and determine this Application under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order in this matter. Moreover, the Debtor consents to entry of a final order in this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

2. On February 6, 2020 ("**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"). On that same date, Watson Grinding & Manufacturing Co. ("**Watson Grinding**") also filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

3. Watson Valve is a relatively young company. It was founded in 2002 to meet the growing needs of the severe service valve industry. Watson Valve has grown exponentially since its inception and serves its clients throughout the world. Watson Valve is headquartered in Houston, Texas. Watson Valve specializes in supplying specialty and custom valves for the severe service ball value market, with a specialty in valves for autoclaves used to mine gold.

4. Watson Valve is owned in the following percentages:

> John Watson 70%
> Robert White 15%
> Jason White 15%

5. John Watson is the Chief Executive Officer of the Debtor and continues to serve in that capacity. Robert White is the Chief Operating Officer of the Debtor and continues to serve in that capacity. Jason White is the Executive Vice President of the Debtor and continues to serve in that capacity. John Watson, Robert White, and Jason White are employees of the Debtor and serve on the Debtor's board of directors.

6. Watson Valve's assets primarily consist of receivables, raw materials/inventory, intellectual property, and insurance proceeds stemming from a tragic explosion at Watson Grinding's thermal coating facility.

7. The Debtor and Watson Grinding have a secured revolving line of credit with Texas Capital pursuant to a Loan and Security Agreement dated October 25, 2017 as subsequently amended ("**Security Agreement**") and a Promissory Note dated October 25, 2017 as subsequently amended ("**Note**"). The current principal balance due under the Note is approximately $3,000,000. Pursuant to the Security Agreement, the Debtor granted Texas Capital a lien on the following collateral:

> Accounts, Equipment, Inventory, Chattel Paper and, if applicable the Other Collateral, wherever located, in which Borrower now has or at any time hereafter has or acquires any right, title, or interest and all Proceeds and products thereof, together with all books and records, customer lists, credit files, computer files, programs, printouts and other computer materials and records related thereto

(collectively, "**Collateral**").

8. The Security Agreement further defines "Other Collateral" as follows:

> All other property of Borrower now owned or hereafter acquired, other than real estate, not included within the specifically defined terms of Accounts, Equipment, and Inventory, including Chattel Paper, Instruments, Commercial Tort Claims, Deposit Accounts, Documents, Fixtures, General Intangibles, Health Care Insurance Receivables, Intellectual Property, Instruments, Financial Assets,

Investment Property, and Letter of Credit Rights.

The Security Agreement requires that all insurance policies covering Texas Capital's Collateral include both loss payable and lender endorsements in favor of Texas Capital.

9. Texas Capital recorded a UCC-1 Filing No. 17-0037551100 on November 6, 2017 ("**UCC-1**") describing its Collateral under the Security Agreement.

10. The Debtor anticipates a long-term interruption of normal business activities. Due to the unique challenges the Debtor faces obtaining its business records, it has not been possible to fully evaluate the details of the Debtor's financial condition. The Debtor is hopeful it will gain access to those records within a matter of days and will be in a better position to provide additional detail. The Debtor appreciates the importance of seeking input from various constituencies regarding the trajectory of this chapter 11 case, including any official committee formed in this case. Upon information, an official committee of claimants ("**January 24 Claimants Committee**") will be formed in approximately one week.

11. In the meantime, the Debtor seeks authority to conduct limited operations to preserve the value of the Debtor's assets, to mitigate liability arising from non-performance of customer obligations to the extent possible, to be responsive to the various agencies as they conduct on-going investigations, to work on pending insurance claims, to collect accounts receivable, and to assist with reporting and filing requirements in this chapter 11 case. To that end, the Debtor seeks authority to use cash and/or cash collateral to conduct limited operations and to retain employees necessary to do so pursuant to the budget attached hereto as **Exhibit A** ("**Budget**").

### RELIEF REQUESTED

12. The Debtor requests authority to use cash and/or cash collateral outside the

ordinary course of business on an interim basis *nunc pro tunc* to the Petition Date and subject to the attached Budget.

13. At this time, the Debtor requests an interim order that authorizes it to use the cash collateral of Texas Capital to pay employee wages from the Petition Date and for the five (5) days of February that proceeded the Petition Date. Texas Capital consents to the use of its cash collateral for this limited purpose and for the limited duration of the Budget. The Debtor believes that this limited use of cash collateral is necessary to preserve the Debtor's going concern value in the short term while important records are recovered. The Debtor believes that it is prudent to maintain the status quo until the January 24 Claimants Committee is formed and can weigh in on broader issues, including the Debtor's options in this case.

14. On an interim basis, the Debtor requests authority to pay post-petition wages, benefits, and taxes for: (i) salaried employees for the period of 2/6/2020-2/15/2020 totaling $27.735.00; (ii) salaried employees for the period of 2/16/2020-2/29/2020 totaling $46,225.00; (iii) hourly employees for 2/6/2020-2/9/2020 totaling $1,884.00; (iv) hourly employees for 2/10/2020-2/16/2020 totaling $3,297.00; (v) hourly employees for 2/17/2020-2/23/2020 totaling $3,297.00; (vi) hourly employees for 2/24/2020-3/1/2020 totaling $3,297.00. The total post-petition wages, benefits, and taxes that the Debtor requests authority to pay through the February 28, 2020 payroll date is $85,735.00.

15. The Debtor also requests authority to pay pre-petition wages for: (i) salaried employees for the period of 2/1/2020-2/5/2020 totaling $10,130.00; (ii) hourly employees for the period of 2/3/2020-2/5/2020 totaling $1,413.00; and (iii) employee benefits for the month of February for employees that were laid off on February 5, 2020 but whose benefits accrued on February 1, 2020 in the total amount of $14,414.40. The request for payment of the amount due

for employee benefits for employees that were laid off is partially pre-petition and partially post-petition but the right to the benefits accrued to the employee on February 1, 2020. The request to pay this amount is to ensure no interruption in health benefits for the duration of the month of February for employees that were laid off on February 5, 2020.

16. The Debtor has both hourly and salaried employees. The salaried employees are paid semi-monthly and hourly employees are paid every Wednesday for the week proceeding. Prior to the Petition Date, the last payroll that the Debtor ran for salaried employees was on January 31, 2020 and for hourly employees the last payroll was on February 5, 2020 (for the pay period of 1/27/2020-2/2/2020). As such, hourly employees are due pre-petition wages for the dates of 2/3/2020-2/5/2020 and the remainder of wages due are in the post-petition period. Salaried employees, on the other hand, are due pre-petition wages for the period of 2/1/2020-2/5/2020 and the remainder of wages due are in the post-petition period.

## NOTICE

17. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of Texas; (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002; (vi) any other party entitled to notice pursuant to Local Rule 9013-1(d); (vii) Husch Blackwell as counsel for Texas Capital Bank; (viii) counsel for state court litigation claimants; (ix) all parties requesting notice in these cases; and (x) the attorney general for the State of Texas (collectively, with the parties listed in the preceding paragraph, "**Notice Parties**"); (xi) any known counsel for any entities listed above; and (xii) all those listed on the Master Service List in this case.

## NO PREVIOUS REQUEST

18. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

## EMERGENCY RELIEF REQUESTED

19. The Debtor anticipates filing another motion for use of cash collateral that includes some additional operational expenses (non-employee expenses), but given the compressed time frame, the Debtor has limited this request for the use of cash and/or cash collateral to payment of employee wages to give employees confidence that they can continue to work for the Debtor's estate without fearing non-payment of wages or continuation of benefits. The Debtor is sensitive to the needs of its employees to be paid timely and that is the reason emergency relief is requested for the employee related expenses. The Debtor will miss the regular payroll schedule if this Motion is considered on the full 21-days notice.

## PRAYER

WHEREFORE, the Debtor respectfully requests that this Court grant the relief requested to use cash collateral on an interim basis subject to the attached Budget and for such other and further relief to which the it is entitled.

Dated: February 13, 2020

Respectfully submitted,

        MCDOWELL HETHERINGTON LLP

        By: /s/ Jarrod B. Martin
        Jarrod B. Martin
        Texas Bar No. 24070221
        Kate H. Easterling
        Texas Bar No. 24053257
        Avi Moshenberg
        Texas Bar No. 24083532
        1001 Fannin Street
        Suite 2700
        Houston, TX 77002
        P: 713-337-5580
        F: 713-337-8850
        E: Jarrod.Martin@mhllp.com
        E: Kate.Easterling@mhllp.com
        E: Avi.Moshenberg@mhllp.com

        ***PROPOSED COUNSEL FOR WATSON VALVE SERVICES, INC.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 13, 2020 a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and via email on Counsel for the State Court Litigation Claimants (as provided below). The undersigned further certifies that the foregoing Notice was served upon all parties listed on the attached Service Lists by no later than the next day after the filing in accordance with Bankruptcy Local Rule 9013-1(f).

Further, in addition to the foregoing the undersigned certifies that on February 13, 2020, a true and correct copy of the following documents were served via email on Counsel for the State Court Litigation Claimants at the email addresses provided below:

lthweatt@terrythweatt.com; jterry@terrythweatt.com; akamins@kamins-law.com; swalker@manuelsolis.com; gfinney@manuelsolis.com; jusolis@manuelsolis.com; Byron@alfredfirm.com; rzehl@zehllaw.com; mgreenberg@zehllaw.com; mmartin@zehllaw.com; gfcdocketefile@mostynlaw.com; filing@mcmillanfirm.com; cam@mcmillanfirm.com; mem@mcmillanfirm.com; tbuzbee@txattorneys.com; cleavitt@txattorneys.com; rpigg@txattorneys.com; maziz@awtxlaw.com; klong@awtxlaw.com; bilaalbadat.law@outlook.com; cameron.tebo@mherringlaw.com; martyherring@hotmail.com; tate@bainlaw.net; Karl@bainlaw.net; banthony@anthony-peterson.com; dpeterson@anthony-peterson.com; Sarah.Utley@cao.hctx.net; Kathy.Porter@pcs.hctx.net; rkwok@kwoklaw.com; rloya@kwoklaw.com; jleal@kwoklaw.com; aboylhart@kwoklaw.com; whoke@whokelaw.com; swalker@manuelsolis.com; gfinney@manuelsolis.com; jusolis@manuelsolis.com; litigation@thehadilawfirm.com; ebdick@gmail.com; banthony@anthony-peterson.com; aanthony@anthony-peterson.com; rbon1@swbell.net; joel.simon@trialattorneytx.com; steve.fernelius@trialattorneytx.com; ryan.perdue@trialattorneytx.com; dpotts@potts-law.com; mbins@potts-law.com; rburnett@rburnettlaw.com; prahgozar@rahgozarlaw.com; lnichols@rahgozarlaw.com; e-service@arnolditkin.com; karnold@arnolditkin.com; jitkin@arnolditkin.com; kfindley@arnolditkin.com; alewis@arnolditkin.com; ksellers@arnolditkin.com; Richard.Kincheloe@usdoj.gov; Abigail.Ryan@oag.texas.gov; jsd@aol.com; hflores@rappandkrock.com; kkrock@rappandkrock.com; Houston_bankruptcy@publicans.com; jason.binford@oag.texas.gov; Abigain.ryan@oag.texas.gov; gene@shraderlaw.com

*/s/ Jarrod B. Martin*
Jarrod B. Martin
