

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/18/2020

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Watson Valve Services, Inc.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | Case No. 20-30968 |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND USE OF CASH OUTSIDE OF THE ORIDNARY COURSE OF BUSINESS ON AN INTERIM AND LIMITED BASIS *NUNC PRO TUNC* TO THE PETITION DATE**

Watson Valve Services, Inc. ("**Debtor**") filed a Motion requesting authority to use cash collateral and use of cash outside of the ordinary course of business *nunc pro tunc* to the Petition Date. Texas Capital Bank, National Association ("**Texas Capital**") consents to the use of cash collateral as set forth in this Order. A hearing was held on February 14, 2020 regarding the relief requested in the Motion. At the hearing, the Court considered the evidence presented and arguments presented. The Court determined that the relief requested in the Motion should be approved on an interim basis.

Accordingly, it is hereby **ORDERED THAT:**

1. The Motion is granted as set forth herein on an interim basis. A continued hearing shall be held on February 19, 2020 at 8:30 a.m. at 515 Rusk Street, 4th Floor, Courtroom 404, Houston, Texas 77002.

2. The Debtor is authorized to use Texas Capital's alleged cash collateral ("**Cash Collateral**") in accordance with the terms and conditions of this Order, and in accordance with the budget attached as <u>**Exhibit A**</u> ("**Budget**") to the Motion for the purpose of paying employee wages, benefits, and taxes. This use of Cash Collateral pursuant to the Budget is authorized *nunc pro tunc* to the Petition Date.

3.Nothing in this Order shall prejudice Texas Capital or limit its right to file, pursue, or oppose any motion or other relief in this bankruptcy case.

4.The provisions of this Order remain effective and binding notwithstanding entry of any order which may be entered: (a) converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (b) dismissing this chapter 11 case; or (c) pursuant to which this Court abstains from hearing any of this chapter 11 case.

5.Nothing in this Order constitutes a finding or admission regarding (a) the validity of any lien, or (b) whether any funds used pursuant to this Order constitute cash collateral under 11 U.S.C. § 363(a).

6.This Order is without prejudice to Texas Capital's right to seek adequate protection or relief from the automatic stay.

7.This Order is without prejudice to the Debtor seeking additional relief regarding use of Cash Collateral or use of cash outside the ordinary course of business.

Signed: February 18, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**