# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-30968 |
| Watson Valve Services, Inc., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

## DECLARATION OF DREW MCMANIGLE IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZATION THE EMPLOYMENT AND RETENTION OF MACCO RESTRUCTURING GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR

I, Drew McManigle, Founder and Managing Director of the MACCO Restructuring Group, LLC ("MACCO") declare as follows:

1. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows. Unless otherwise defined, all terms used in this declaration share the same meaning as those in the Application.

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other MACCO professionals or learned from my review of other documents. To the extent any information disclosed here requires amendment or modification as additional information becomes available to MACCO, a supplemental declaration will be submitted.

3. I submit this Declaration in support of the Application as required by the relevant bankruptcy code and rule provisions, as well as the Bankruptcy Local Rules and the U.S. Trustee Guidelines.

## QUALIFICATION OF PROFESSIONALS

4. I am the Founder and Managing Director of MACCO, an interim management and financial advisory services company providing interim-leadership, financial advisory, operational improvement and fiduciary services to middle-market companies, which was established in July 2019. I have been a professional in the business restructuring industry for over 25 years serving in leadership roles such as chief restructuring officer, interim CEO, operating chapter 11 trustee, plan trustee, assignee and receiver (domestically and internationally) where I provided interim management, leadership and advice to companies in a wide variety of industries that include oil and gas, healthcare, pharma & food manufacturing, defense contracting, consumer products and hospitality, among others. Additionally, I have led and supervised complex litigation at the federal, bankruptcy and state levels, including complex worldwide litigation.

5. MACCO specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. MACCO's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including development or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages. MACCO's employees have substantial experience in business restructuring and chapter 11 bankruptcy.

6. Since the Petition Date, I have together with MACCO's professionals, become familiar with the Debtor's businesses, financial affairs, and capital structure. We have worked closely with the Debtor's management and other professionals in assisting with the myriad requirements of this chapter 11 case. We have developed significant relevant experience and expertise regarding the Debtor and the unique circumstances caused by the tragic January 24, 2020 explosion at the debtor's plant facility. We are well qualified to deal effectively and efficiently with matters that may arise in the context of this case.

### SERVICES TO BE PROVIDED AND COMPENSATION

7. As more fully described in the engagement agreement, we will provide financial advisory services and management assistance to the Debtor, develop a strategy for the Debtor's reorganization, if feasible, and consult with the Debtor's bankruptcy counsel, advisors, creditors and the January 24 Claimants Committee regarding this chapter 11 case. Specifically, we will provide such support services as appropriate and feasible in order to manage and advise the Debtor in the course of this chapter 11 case. These services include:

   a. Provide business and debt restructuring advice, including business strategy among key elements of the Debtor's business, as necessary;

   b. Assist or prepare a weekly 13-week cash flow forecast and related financial and business models that can be utilized by management, among others, to understand the Debtor's liquidity;

   c. Review the inventory to determine its salability and monetization;

   d. Assist in making operational decisions, including those which will or potentially will, affect operations, contracting, accounting, staffing, collection of accounts, cash and cash disbursements, and all similar business undertakings;

   e. Assist in or implement cost containment procedures;

f. Direct, supervise, hire and terminate the Company's employees, consultants and professionals (subject to applicable law and contractual obligations of the Debtor);

g. Assist in managing and controlling cash, cash outflows and financing commitments that expend cash;

h. Upon authorization, canceling, committing to, or renegotiating all contracts;

i. Assist in asset redeployment opportunities as deemed appropriate;

j. Assist with negotiating with the Debtor's creditors, the January 24 Claimants Committee, and all other parties-in-interest;

k. Assist in the preparation of a cash collateral budget to be presented to the bankruptcy court; and

l. Evaluate and make recommendations in connection with strategic alternatives as needed to maximize the value of the Debtor's estate.

8. MACCO has agreed to not take a retainer in this case. As of the Petition Date, MACCO did not hold a claim against the Debtor. The compensation to be paid to MACCO and I shall be in accordance with normal billing practices for services rendered and out-of-pocket expenses incurred on the Debtor's behalf. My hourly rate will be $550.00 per hour. On or about March 6th, 2020 I was asked to serve as CRO for the Debtor, a role I immediately undertook. On or about March 14th, it was determined the services of a CRO were not required by the Debtor and my service in that role was concluded on March 15, 2020. During this period, my services in that role were billed at my hourly rate noted above. I serve as the Engagement Principal in this case and, MACCO professionals working on behalf of the Debtor assisting me, will do so at the hourly rates listed below:

| Employee Classification | Hourly Rate |
|---|---|
| Engagement Principal | $550/hr. |
| Managing Director | $350/hr. to $475/hr. |
| Director | $250/hr. to $375/hr. |
| Senior Associates | $150/hr. to $300/hr |

9. As a material part of the consideration for which we have agreed to provide the services to the Debtor, the Debtor and MACCO have agreed that MACCO's services are subject to indemnification up to the amount of earned fees by MACCO in this bankruptcy case.

10. MACCO and I understand that allowance of fees and expenses is subject to this Court's approval.

## DISINTERESTEDNESS

11. To the best of the Debtor's knowledge and as disclosed in this Declaration, MACCO and McManigle do not hold or represent an interest adverse to the Debtor or the Debtor's estate with respect to this bankruptcy case.

12. MACCO will continue to conduct periodic analyses to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, MACCO will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

13. The professionals of MACCO (a) do not have any connection with the Debtor, any affiliates, their creditors, any other party in interest, the United States Trustee or any

person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of Texas or any person employed in the offices of the same; however, Drew McManigle has been selected as 1 of 6 Sub-Chapter V Small Business Chapter 11 Trustees for the Southern District of Texas, Houston Division; (b) are "disinterested persons," as that term is defined in the Bankruptcy Code Section 101(14), as modified by Bankruptcy Code Section 1107(b); and (c) do not hold or represent any interest adverse to the Debtors' estates.

14. Generally, myself and MACCO have connections through the Turnaround Management Association and the American Bankruptcy Institute, among other professional organizations including continuing education courses, professional conferences and/or social media through which they may have connections to the Office of the United States Trustee, judges, court staff, and other practitioners, including in my role as a Sub-Chapter V Small Business Trustee, appointed to small business chapter 11 cases by the Office of the United States Trustee, who may appear in this case. However, no such connection is known that would give rise to any conflict, potential conflict, or disinterestedness concern.

15. I further represent that neither MACCO nor its professionals:

   a. are not creditors, equity security holders or insiders of the Debtor;

   b. are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

   c. do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

16. The foregoing constitutes the statement of MACCO pursuant to Bankruptcy Code Sections 327(e), 329, and 504 and Bankruptcy Rules 2014(a) and 2016(b)

## SPECIFIC DISCLOSURES

17. In addition, MACCO and I have identified the following specific connection: Eric Moll, a Financial Analyst at MACCO, who while attending the C.T. Bauer School of Business at The University of Houston, had an internship at Texas Capital Bank ("TCB"), who was made aware of and had visited Watson Grinding & Manufacturing and Watson Valve and had met the principals of the Debtors with TCB's loan officer.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2020.

_____
Drew McManigle