IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-30968 |
| Watson Valve Services, Inc., | § | |
| | § | Chapter 11 |
| Debtor. | § | |

## ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AUTHORIZING RETENTION AND EMPLOYMENT OF MACCO RESTRUCTURING GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR

CAME FOR CONSIDERATION on the application ("**Application**")[1] of the above-captioned debtor ("**Debtor**") for entry of an order under sections 327(a) of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("**Local Rules**"), authorizing the employment and retention of MACCO Restructuring Group LLC ("**MACCO**") as its financial advisor and Drew McManigle as Chief Restructuring Officer ("**CRO**") (for a limited period of time) pursuant to the terms of the Engagement Agreement dated as of February 25, 2020 ("**Engagement Agreement**"); and the Court having considered the Application and the Declaration of Drew McManigle dated March 17, 2020 in support of the Application ("**Declaration**"); and the Court finding that (A) MACCO (i) does not hold an interest adverse to the interest of the estates with respect to the matters on which MACCO will be employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meeting ascribed to them in the Application.

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is GRANTED as set forth herein; it is further

ORDERED that the retention and employment of MACCO as financial advisor to the Debtors, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, effective as of the date of filing of the Application pursuant to Local Rule 2014-1, on the terms and conditions set forth in the Engagement Agreement (attached to the Application as Exhibit C) and the Application, is approved subject to the terms of this Order; it is further

ORDERED that MACCO shall file fee applications for, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any other applicable procedures established by the Court, subject to the Local Rules and any interim compensation orders; it is further

ORDERED that MACCO is authorized to render the professional services set forth in the Application and Engagement Agreement; it is further

ORDERED that the indemnification, reimbursement, and contribution provisions set forth in the Engagement Agreement are approved; however, the Debtor shall not be liable under the Indemnity Provision for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party; it is further

ORDERED that any indemnification claim is capped at the amount of MACCO's allowed fees; and it is further

ORDERED that MACCO shall be compensated in accordance with the procedures set forth in

the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court; and it is further

ORDERED that the Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to construe and enforce the terms of this Order.

Signed this _____ day of _____, 2020.

_____
**Marvin Isgur**
**United States Bankruptcy Judge**

2