

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/09/2020

| | | |
|---|---|---|
| In re: | § § | |
| Watson Valve Services, Inc., | § § | Case No. 20-30968 |
| Debtor. | § | Chapter 11 |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AUTHORIZING RETENTION AND EMPLOYMENT OF MACCO RESTRUCTURING GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR**

**(Related to Dkt. No. 73)**

CAME FOR CONSIDERATION on the application ("**Application**")[1] of the above-captioned debtor ("**Debtor**") for entry of an order under sections 327(a) of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("**Local Rules**"), authorizing the employment and retention of MACCO Restructuring Group LLC ("**MACCO**") as its financial advisor and Drew McManigle as Chief Restructuring Officer ("**CRO**") (for a limited period of time) pursuant to the terms of the Engagement Agreement dated as of February 25, 2020 ("**Engagement Agreement**"); and the Court having considered the Application and the Declaration of Drew McManigle dated March 17, 2020 in support of the Application ("**Declaration**"); and the Court finding that (A) MACCO (i) does not hold an interest adverse to the interest of the estates with respect to the matters on which MACCO will be employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meeting ascribed to them in the Application.

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtor, its estate and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the retention and employment of MACCO as financial advisor to the Debtor, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, effective as of the date of filing of the Application pursuant to Local Rule 2014-1, on the terms and conditions set forth in the Engagement Agreement (attached to the Application as Exhibit C) and the Application, is approved subject to the terms of this Order; it is further

ORDERED that the January 24 Claimants Committee ("**Committee**") shall have the right to (a) communicate directly with MACCO regarding any reports MACCO produced on behalf of the Debtor, with notice to Debtor's counsel, (b) obtain copies of work papers and background materials used by MACCO in generating reports on behalf of the Debtor, with a copy of any such request being provided to Debtor's counsel, and (c) make reasonable requests that MACCO perform additional analysis or create additional reports on behalf of the Committee, subject to the Debtor's right to seek relief if the Debtor believes any such request is not reasonable or necessary; it is further

ORDERED that any communication between MACCO and the Committee shall be subject to a common interest privilege with the Debtor; it is further

ORDERED that pursuant to Fed. R. Evid. 502(d), communications and disclosures among the Debtor, MACCO and the Committee that occur in accordance with this Order will not result in the waiver of any applicable privilege or protection in this bankruptcy case or in any other federal or state proceeding; it is further

ORDERED that nothing in this Order shall prohibit the Committee from filing an application to

employ a separate financial advisor should it determine that it needs to do so in the future; and it is further

ORDERED that MACCO shall be compensated in accordance with the applicable procedures set forth in Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines and further orders of this Court for all services performed and expenses incurred on or after the Petition Date; *provided, however*, that MACCO shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any of MACCO's fee applications in the Chapter 11 Case.  For billing purposes, MACCO shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.  MACCO shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures, both in connection with the Application and any interim and final fee applications to be filed by MACCO in this Chapter 11 Case. All billing records filed in support of fee applications will use an open and searchable electronic data format; it is further

ORDERED that MACCO is authorized to render the professional services set forth in the Application and Engagement Agreement; it is further

ORDERED that the indemnification, reimbursement, and contribution provisions set forth in the Engagement Agreement are approved; however, the Debtor shall not be liable under the Indemnity Provision for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party; it is further

ORDERED that any indemnification claim is capped at the amount of MACCO's allowed fees; and it is further

ORDERED that MACCO shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order

and any other applicable orders of this Court; and it is further

ORDERED that the Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to construe and enforce the terms of this Order.

Signed: April 09, 2020

_____
Marvin Isgur
United States Bankruptcy Judge