IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Watson Valve Services, Inc., | § | Case No. 20-30968 |
| | § | |
| Debtor. | § | Chapter 11 |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AUTHORIZING RETENTION AND EMPLOYMENT OF MACCO RESTRUCTURING GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR**

**(Related to Docket Nos. 73 and 130)**

CAME FOR CONSIDERATION on the application ("**Application**")[1] of the above-captioned debtor ("**Debtor**") for entry of an order under sections 327(a) of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("**Local Rules**"), authorizing the employment and retention of MACCO Restructuring Group LLC ("**MACCO**") as its financial advisor ~~and Drew McManigle as Chief Restructuring Officer ("**CRO**") (for a limited period of time)~~ pursuant to the terms of the Engagement Agreement dated as of February 25, 2020 ("**Engagement Agreement**"); and the Court having considered the Application and the Declaration of Drew McManigle dated March 17, 2020 in support of the Application ("**Declaration**"); and the Court finding that (A) MACCO (i) does not hold an interest adverse to the interest of the estates with respect to the matters on which MACCO will be employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meeting ascribed to them in the Application.

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtor, its estate and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is GRANTED as modified herein; it is further

ORDERED that the retention and employment of MACCO as financial advisor to the Debtor, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, effective as of ~~the date of filing of the Application~~February 25, 2020 pursuant to Local Rule 2014-1, on the terms and conditions set forth in the Engagement Agreement (attached to the Application as Exhibit C) and the Application, is approved subject to the terms of this Order; it is further

ORDERED that the January 24 Claimants Committee ("**Committee**") shall have the right to (a) communicate directly with MACCO regarding any reports MACCO produced on behalf of the Debtor, with notice to Debtor's counsel, (b) obtain copies of work papers and background materials used by MACCO in generating reports on behalf of the Debtor, with a copy of any such request being provided to Debtor's counsel, and (c) make reasonable requests that MACCO perform additional analysis or create additional reports on behalf of the Committee, subject to the Debtor's right to seek relief if the Debtor believes any such request is not reasonable or necessary; it is further

ORDERED that any communication between MACCO and the Committee shall be subject to a common interest privilege with the Debtor; it is further

ORDERED that pursuant to Fed. R. Evid. 502(d), communications and disclosures among the Debtor, MACCO and the Committee that occur in accordance with this Order will not result in the waiver of any applicable privilege or protection in this bankruptcy case or in any other federal or state proceeding; it is further

ORDERED that nothing in this Order shall prohibit the Committee from filing an application to

employ a separate financial advisor should it determine that it needs to do so in the future; and it is further

ORDERED that MACCO shall be compensated in accordance with the applicable procedures set forth in Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines and further orders of this Court for all services performed and expenses incurred on or after the Petition Date; *provided, however*, that MACCO shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any of MACCO's fee applications in the Chapter 11 Case.  For billing purposes, MACCO shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.  MACCO shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures, both in connection with the Application and any interim and final fee applications to be filed by MACCO in this Chapter 11 Case. All billing records filed in support of fee applications will use an open and searchable electronic data format; it is further

ORDERED that MACCO is authorized to render the professional services set forth in the Application and Engagement Agreement as modified by this Order; it is further

ORDERED that the indemnification provisions included in the Engagement Letter and its attachments are approved, subject to the following:

(a) As set forth in paragraph (c), MACCO shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify MACCO, or provide contribution or reimbursement to MACCO, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from MACCO's

gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to MACCO's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which MACCO should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, MACCO believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, MACCO must file an application therefore in this Court, and the Debtors may not pay any such amounts to MACCO before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by MACCO for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify MACCO. All parties in interest shall retain the right to object to any demand by MACCO for indemnification, contribution or reimbursement; it is further

~~ORDERED that the indemnification, reimbursement, and contribution provisions set forth in the Engagement Agreement are approved; however, the Debtor shall not be liable under the Indemnity Provision for any loss, claim, damage or liability which is~~

~~finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party; it is further~~

ORDERED that MACCO shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; it is further

ORDERED that in the event that, during the pendency of these cases, MACCO seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in MACCO's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however*, that MACCO shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of MACCO's fee applications in these bankruptcy cases; it is further

ORDERED that notwithstanding anything in the Application to the contrary, to the extent that MACCO uses the services of independent or third party contractors or subcontractors (the "Contractors") in these cases and MACCO seeks to pass through the fees and/or costs of the Contractors to the Debtors MACCO shall (i) pass through the fees of such

Contractors to the Debtors at the same rate that MACCO pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only. In addition, MACCO shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by Bankruptcy Code and Bankruptcy Rules; it is further

ORDERED that to the extent the Debtors wish to expand the scope of MACCO's services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 21 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing; it is further

ORDERED that to the extent there is inconsistency between the terms of the Engagement Letter, the Application, McManigle Declaration and this Order, the terms of this Order shall govern; it is further

ORDERED that MACCO shall use its best efforts, and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals; it is further

ORDERED that MACCO will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

<u>If any new relevant facts or relationships are discovered or arise, MACCO will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).</u>

  ORDERED that any indemnification claim is capped at the amount of MACCO's allowed fees; and it is further

  ORDERED that MACCO shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court; and it is further

  ORDERED that the Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein; and it is further

  ORDERED that this Court shall retain jurisdiction to construe and enforce the terms of this Order.

  **Signed this _____ day of _____, 2020.**

            _____
            **Marvin Isgur**
            **United States Bankruptcy Judge**