# Exhibit A

| HCDistrictclerk.com | AYALA, YESENIA (AS NEXT FRIEND OF I C AND A C) (MI vs. WATSON VALVE SERVICES INC | 4/17/2020 |
|---|---|---|

Cause: 202005311        CDI: 7        Court: 157

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89301166 | Suggestion of Bankruptcy | | 02/06/2020 | 2 |
| -> 89301167 | Exhibit A | | 02/06/2020 | 3 |
| 89301168 | Suggestion of Bankruptcy | | 02/06/2020 | 2 |
| -> 89301170 | Exhibit A | | 02/06/2020 | 3 |
| restricted | Plaintiff's Original Petition and Application for Temporary Restraining Order Against Defendants Watson Valve Services Inc Watson Grinding and Manufacturing Co and Watson Coatings Laboratory | | 01/27/2020 | 6 |
| | Plaintiff's Original Petition and Application for Temporary Restraining Order Against Defendants Watson Valve Services Inc Watson Grinding and Manufacturing Co and Watson Coatings Laboratory | | 01/27/2020 | |
| -> restricted | Proposed Temporary Restraining Order and Order Setting Hearing for Temporary and/or Permanent Injunction | | 01/27/2020 | 3 |
| | Proposed Temporary Restraining Order and Order Setting Hearing for Temporary and/or Permanent Injunction | | 01/27/2020 | |
| -> 89102853 | Request for Issuance of Service | | 01/27/2020 | 1 |
| | Request for Issuance of Service | | 01/27/2020 | |
| -> 89102854 | Request for Issuance of Service | | 01/27/2020 | 1 |
| | Request for Issuance of Service | | 01/27/2020 | |
| -> 89102855 | Request for Issuance of Service | | 01/27/2020 | 1 |
| | Request for Issuance of Service | | 01/27/2020 | |
| -> restricted | Verification | | 01/27/2020 | 1 |
| | Verification | | 01/27/2020 | |
| restricted | Plaintiff's Original Petition and Application for Temporary Restraining Order Against Defendants Watson Valve Services Inc Watson Grinding and Manufacturing Co and Watson Coatings Laboratory | | 01/27/2020 | 6 |
| -> restricted | Proposed Temporary Restraining Order and Order Setting Hearing for Temporary and/or Permanent Injunction | | 01/27/2020 | 3 |
| -> 89102853 | Request for Issuance of Service | | 01/27/2020 | 1 |
| -> 89102855 | Request for Issuance of Service | | 01/27/2020 | 1 |
| -> 89102854 | Request for Issuance of Service | | 01/27/2020 | 1 |
| -> restricted | Verification | | 01/27/2020 | 1 |
| 89116900 | ORDER SETTING BOND SIGNED | | 01/27/2020 | 3 |
| | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | | 01/27/2020 | |
| | ORDER SIGNED SETTING HEARING | | 01/27/2020 | |
| 89130478 | Clerk's certificate of cash deposit in lieu of injunction bond per order of the court | | 01/27/2020 | 1 |

1/27/2020 11:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40294007
By: Carolina Salgado
Filed: 1/27/2020 12:00 AM

Cause No. _____

| | | |
|---|---|---|
| Yesenia Ayala, as Next Friend of I.C. and A.C., Minors | § § § | In the District Court of |
| Vs. | § § | Harris County, Texas |
| Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory | § § § | _____ Judicial District |

### Plaintiff's Original Petition and Application for Temporary Restraining Order Against Defendants Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory

Plaintiff Yesenia Ayala, as Next Friend of I.C. & A.C., Minors (hereinafter referred to as "The Castorena Family"), file this Original Petition and Application for Temporary Restraining Order and Temporary Injunction against Defendants Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory (hereinafter "Watson Companies") and will show this Court the following:

1. **Factual Background**

On January 24, 2020, at approximately 4:15am, the warehouse facility located on 4525 Gessner Road in Houston, Texas exploded, causing the tragic death of Gerardo Castorena ("Mr. Castorena").

At all relevant times, the warehouse facility was owned and/or controlled by one or more of the Watson Companies. Mr. Castorena, a dedicated father to minors I.C. and A.C., was a maintenance employee of Watson Grinding & Manufacturing Co. for nearly ten (10) years and would regularly arrive first to the facilities on work days. Mr. Castorena was one of two fatalities that have been reported following this catastrophic explosion.

1

As a result of this explosion, the warehouse facility has been decimated and, according to early reports, hundreds of nearby homes and businesses have been substantially damaged or destroyed:



**(Aftermath of the January 24,2020 explosion at the Watson Grinding & Manufacturing Co. facility).**

Watson Grinding & Manufacturing Co. "specializes in the turning and milling of exotic alloys, hard metals, and large parts", according to its website. The company's website further claims that it "manufactures and services a wide variety of parts for a variety of applications requiring specialty manufacturing processes". However, the website fails to mention the company's history of OSHA violations.

Watson Grinding and Manufacturing Co. has been cited by OSHA, at least, three (3) times since 2006. As an example, in 2008, Watson Grinding and Manufacturing was cited by OSHA due to its failure to check its gas system for leaks or deteriorations in the equipment exposing employees to *serious hazards of explosion, asphyxiant and fire*.

2

At this time, The Castorena Family seeks injunctive relief to preserve evidence and to ensure that their interests are protected throughout the investigation of this incident.

**2. Parties**

Plaintiffs are all resident citizens of Harris County, Texas.

Watson Valve Services, Inc. is a corporation incorporated under the laws of Texas  and having a main office at  4512 Steffani Lane, Houston, TX 77041. Watson Grinding and Manufacturing, Co. and Watson Coatings Laboratory are corporations incorporated under the laws of Texas, both having  a main  office  at  4525 Gessner Road in Houston, Texas.  All Watson Companies are licensed to do business in Texas, and can be served through their registered agent for accepting service, John M. Watson, 4525 Gessner Road, Houston, TX 77041

**3. The Castorena Family Requests a Temporary Restraining Order.**

The premises owned and/or controlled by the Watson Companies will not be in the same or similar condition as it was when the incident occurred unless this Court grants a Temporary Restraining Order (hereinafter "TRO"). Further, The Castorena Family requests an Order from this Court granting their attorneys and investigative team of experts access to the scene of this incident in order to photograph, inspect, and film the scene. The Castorena Family further seeks an Order from this Court requiring the Watson Defendants to preserve all relevant documents, whether stored physically or electronically, in its possession and/or under its control.

Specifically, The Castorena Family requests an Order from this Court requiring the  Watson Companies to immediately preserve the following:

- Any and all equipment, machines, chemicals, chemical storage equipment, containers, and all corresponding product manuals, operating procedures or the like located at the scene of this incident.

3

- Any and all on- and off-site computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for the Watson Companies' overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data;

- Any and all photographs or electronic recordings of the of the incident scene depicting any of the victims, equipment or other physical objects involved in the incident;

- Any and all documents, correspondence, text messages, emails, letters, safety advisories, or other writings relating in any way to the scene of the incident, persons or equipment involved in the incident, and/or the cause of the incident;

- Any and all safety materials, safety warnings, safety stickers or the like attached to or placed on any equipment located on the incident scene;

- Any and all documents/records relating to the incident, including but not limited to OSHA records;

- Any and all maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audiotape recording or any transcript of any recorded statements, mobile radio and dispatch records pertaining to the incident;

- Any and all archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data relating in any way to the overall operation of the Watson Companies and/or to this incident;

- Any and all operating systems, software, applications, hardware, operating manuals for equipment located at the scene of the incident, whether in operation or out of service at the time of the incident;

- Any and all codes, keys and other support information needed to fully search, use, and access all electronically stored information; and

- Any and all evidence related in any way to the cause of this incident.

Unless this Court grants the requested injunctive relief, The Castorena Family will suffer probable injury because the harm to their claims, which will be brought under the Texas Wrongful Death Act, is imminent. Further, if this Court does not grant the requested injunctive relief, the Watson Companies could destroy material evidence by continuing to operate the premises at which this tragic incident occurred causing irreparable injury to The Castorena Family's claims.

4

The Castorena Family hereby requests a TRO prohibiting the Watson Companies from changing, altering, modifying or destroying any evidence related in any way to this incident or to the cause and origin of this catastrophic explosion until their attorneys and experts are allowed to conduct a full inspection of the premises and all evidence is preserved and secured. All evidence requested herein is relevant and material to determining the cause and origin of this incident.

This Court should enter a TRO in order to preserve the status quo and prohibit the Watson Companies and their agents, related companies, employees, independent contractors, and any other entities doing business with the Watson Companies from changing, altering, and/or moving any evidence related in any way to this incident.

Regarding any electronically stored information described herein, this Court should enter a TRO requiring that the Watson Companies stop all scheduled data destruction, electronic shredding, rotation of backup tapes, and the sale, gift or destruction of any hardware.

**4. The Castorena Family Seeks a Temporary Injunction.**

Pursuant to TRCP 680, The Castorena Family further seeks a temporary injunction. More specifically, The Castorena Family respectfully requests that this Court set a temporary injunction hearing and, after such hearing, issue a temporary injunction against the Watson Companies. The Castorena Family, by requesting a temporary injunction, seek to prevent irreparable harm to their claims which will be brought under the Texas Wrongful Death Act.

More specifically, failure to preserve the incident scene and all relevant evidence in its current condition will cause irreparable injury to The Castorena Family's claims. The scene of this incident contains evidence that must be preserved, such as the ignition source of the explosion, in order for The Castorena Family to pursue their claims.

**5.   Conclusion and Prayer**

The Castorena Family requests that this Court grant their requested Temporary Restraining Order and Temporary Injunction against the Watson Companies. The Castorena Family further requests relief, general and special, to which they may show themselves justly entitled at law and in equity.

The Castorena Family further requests that the Court sign an  ex-parte temporary restraining order as described herein to preserve material evidence which, at this time, is in jeopardy of being discarded, altered, or destroyed.

Respectfully submitted,

**The Alfred Firm**

*/s/ Byron C. Alfred*

_____

Byron C. Alfred
SBN: 24084507
2019 Wichita Street
Houston, Texas 77004
Telephone: 713.470.9714
Facsimile: 877.751.7453
Email: Byron@alfredfirm.com
**Attorneys for The Castorena Family**

6

1/27/2020 11:22:54 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40294007
By: SALGADO, CAROLINA
Filed: 1/27/2020 12:00:00 AM

Cause No. _____

| | | |
|---|---|---|
| Yesenia Ayala, as Next Friend of I.C., and A.C., Minors | § § § | In the District Court of |
| Vs. | § § § | Harris County, Texas |
| Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory | § § § § | _____ Judicial District |

Verification

STATE OF TEXAS       §
                     §
COUNTY OF HARRIS     §

     BEFORE ME, the undersigned authority, on this day personally appeared Byron C. Alfred, who after being duly sworn, did on his oath and say that he is the attorney for Plaintiffs, and that all facts stated in Application for Temporary Restraining Order and Temporary Injunction are true and correct to the best of his knowledge, information, and belief.

_____
Byron C. Alfred


     SUBSCRIBED AND SWORN TO ME, a Notary Public, on this the 20th day of January 2020.

AMANDA NICOLE ZUBIRE
Notary Public, State of Texas
Comm. Expires 02-16-2020
Notary ID 126409430

_____
Notary Public in and for
The State of Texas



1/27/2020 11:22:54 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40294007
By: SALGADO, CAROLINA
Filed: 1/27/2020 12:00:00 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

**Name(s) of Documents to be served:**  Application for Temporary Restraining Order Against Defendants Watson

**FILE DATE:** 01/25/2020 _____   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Watson Valve Services, Inc.

Address of Service:  4525 Gessner Road

City, State & Zip: Houston, TX 77041

Agent (if applicable) John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____     ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                              *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**        used to retrieve the E-Issuance Service Documents.
                                             Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____

☑ **OTHER,** *explain*  Please email citation to Amanda@alfredfirm.com

**Issuance of Service Requested By:** Attorney/Party Name:  Byron C. Alfred     Bar # or ID   24084507

Mailing Address: 2019 Wichita Street, Houston, TX 77004

Phone Number: 713-470-9714



1/27/2020 11:22:54 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40294007
By: SALGADO, CAROLINA
Filed: 1/27/2020 12:00:00 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served:  Application for Temporary Restraining Order Against Defendants Watson

FILE DATE: 01/25/2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to:  Watson Grinding and Manufacturing, Co.

Address of Service:  4525 Gessner Road

City, State & Zip: Houston, TX 77041

Agent (if applicable) John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication** Newspaper_____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [x] **E-Issuance by District Clerk** (No Service Copy Fees Charged)

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

- [x] **OTHER,** *explain*  Please email citation to Amanda@alfredfirm.com

**Issuance of Service Requested By:** Attorney/Party Name:  Byron C. Alfred    Bar # or ID   24084507

Mailing Address: 2019 Wichita Street, Houston, TX 77004

Phone Number: 713-470-9714



1/27/2020 11:22:54 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40294007
By: SALGADO, CAROLINA
Filed: 1/27/2020 12:00:00 AM

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Application for Temporary Restraining Order Against Defendants Watson</u>

**FILE DATE:** <u>01/25/2020</u>_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>Watson Coatings Laborator</u>

Address of Service: <u>4525 Gessner Road</u>

City, State & Zip: <u>Houston, TX 77041</u>

Agent (if applicable) <u>John M. Watson</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** | |
| ☐ **Certiorari** | | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** | |
| ☐ **Habeas Corpus** | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____     ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**              used to retrieve the E-Issuance Service Documents.
                                                   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☑ **OTHER,** *explain* <u>Please email citation to Amanda@alfredfirm.com</u>

**Issuance of Service Requested By:** Attorney/Party Name: <u>Byron C. Alfred</u>    Bar # or ID <u>24084507</u>

Mailing Address: <u>2019 Wichita Street, Houston, TX 77004</u>

Phone Number: <u>713-470-9714</u>

1/27/2020 11:22:54 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40294007
By: SALGADO, CAROLINA
Filed: 1/27/2020 12:00:00 AM

Cause No. _____

| | | |
|---|---|---|
| Yesenia Ayala, as Next Friend of I.C. and A.C., Minors | § § § | In the District Court of |
| Vs. | § § | Harris County, Texas |
| Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory | § § § § | _____ Judicial District |

### TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY AND/OR PERMANENT INJUNCTION

1.   After considering Plaintiffs' application for temporary restraining order, the pleadings, the affidavits, and the arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiffs, and if the Court does not issue the temporary restraining order, Petitioner faces immediate and irreparable injury because crucial evidence will be discarded, altered, or destroyed.

2.   An ex parte order, without notice to Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory was necessary because there is not enough time to give them notice, hold a hearing and issue a restraining order before the irreparable injury, loss or damage occurs.

3.   Therefore, the Court restrains Defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory from damaging, moving, altering, selling or disposing of in any way the following:

   a.   Any and all equipment, machines, chemicals, chemical storage equipment, containers, and all corresponding product manuals, operating procedures or the like located at the scene of this incident.

   b.   Any and all on- and off-site computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for the Watson Companies' overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data;

   c.   Any and all photographs or electronic recordings of the of the incident scene depicting any of the victims, equipment or other physical objects involved in the incident;

   d. Any and all documents, correspondence, text messages, emails, letters, safety advisories, or other writings relating in any way to the scene of the incident, persons or equipment involved in the incident, and/or the cause of the incident;

   e. Any and all safety materials, safety warnings, safety stickers or the like attached to or placed on any equipment located on the incident scene;

   f. Any and all documents/records relating to the incident, including but not limited to OSHA records;

   g. Any and all maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audiotape recording or any transcript of any recorded statements, mobile radio and dispatch records pertaining to the incident;

   h. Any and all archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data relating in any way to the overall operation of the Watson Companies and/or to this incident;

   i. Any and all operating systems, software, applications, hardware, operating manuals for equipment located at the scene of the incident, whether in operation or out of service at the time of the incident;

   j. Any and all codes, keys and other support information needed to fully search, use, and access all electronically stored information; and

   k. Any and all evidence related in any way to the cause of this incident.

4. This order does not authorize destructive testing; and further,

5. The Court ORDERS that the Clerk issue notice to Defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory that the hearing on Petitioner's Application for Temporary Injunction is set for _____, 2020, at _____m. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Temporary Injunction.

6. Plaintiffs enclose a bond in the amount of $_____.

7. THE COURT GIVES NOTICE TO DEFENDANT THAT ANY VIOLATIONS OF THIS ORDER MAY BE CONSIDERED CONTEMPT OF COURT AND MAY BE PUNISHED WITH CONFINEMENT IN COUNTY JAIL AND/OR A FINE.

      This order expires on _____, 2020.

      Signed this ____ day of _____, 2020.

8

_____

Judge Presiding

*Approved as to Form:*

**The Alfred Firm**

*/s/ Byron C. Alfred*
_____
Byron C. Alfred
SBN: 24084507
2019 Wichita Street
Houston, Texas 77004
Telephone: 713.470.9714
Facsimile: 877.751.7453
Email: Byron@alfredfirm.com
**Attorneys for The Castorena Family**

9

1/27/2020 11:22:54 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40294007
By: SALGADO, CAROLINA
Filed: 1/27/2020 12:00:00 AM

**2020-05311 / Court: 157**

Cause No. _____

P.3
TRURX
STBNX
CAS

| | | |
|---|---|---|
| Yesenia Ayala, as Next Friend of I.C. and A.C., Minors | § § § | In the District Court of |
| Vs. | § § | Harris County, Texas |
| Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory | § § § § | _____Judicial District |

### TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY AND/OR PERMANENT INJUNCTION

1.  After considering Plaintiffs' application for temporary restraining order, the pleadings, the affidavits, and the arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiffs, and if the Court does not issue the temporary restraining order, Petitioner faces immediate and irreparable injury because crucial evidence will be discarded, altered, or destroyed.

2.  An ex parte order, without notice to Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory was necessary because there is not enough time to give them notice, hold a hearing and issue a restraining order before the irreparable injury, loss or damage occurs.

3.  Therefore, the Court restrains Defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory from damaging, moving, altering, selling or disposing of in any way the following:

    a.  Any and all equipment, machines, chemicals, chemical storage equipment, containers, and all corresponding product manuals, operating procedures or the like located at the scene of this incident.

    b.  Any and all on- and off-site computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for the Watson Companies' overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data;

    c.  Any and all photographs or electronic recordings of the of the incident scene depicting any of the victims, equipment or other physical objects involved in the incident;

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

7

d.  Any and all documents, correspondence, text messages, emails, letters, safety advisories, or other writings relating in any way to the scene of the incident, persons or equipment involved in the incident, and/or the cause of the incident;

e.  Any and all safety materials, safety warnings, safety stickers or the like attached to or placed on any equipment located on the incident scene;

f.  Any and all documents/records relating to the incident, including but not limited to OSHA records;

g.  Any and all maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audiotape recording or any transcript of any recorded statements, mobile radio and dispatch records pertaining to the incident;

h.  Any and all archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data relating in any way to the overall operation of the Watson Companies and/or to this incident;

i.  Any and all operating systems, software, applications, hardware, operating manuals for equipment located at the scene of the incident, whether in operation or out of service at the time of the incident;

j.  Any and all codes, keys and other support information needed to fully search, use, and access all electronically stored information; and

k.  Any and all evidence related in any way to the cause of this incident.

4.  This order does not authorize destructive testing; and further,

5.  The Court ORDERS that the Clerk issue notice to Defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co., and Watson Coatings Laboratory that the hearing on Petitioner's Application for Temporary Injunction is set for **February 6, 2020** 2020, at **1:30 pm** The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Temporary Injunction.

6.  Plaintiffs enclose a bond in the amount of $ **500.⁰⁰** .

7.  THE COURT GIVES NOTICE TO DEFENDANT THAT ANY VIOLATIONS OF THIS ORDER MAY BE CONSIDERED CONTEMPT OF COURT AND MAY BE PUNISHED WITH CONFINEMENT IN COUNTY JAIL AND/OR A FINE.

This order expires on **February 6** , 2020.

Signed this **27** day of **January** , 2020.

* This Order is also incorporates the restrictions and requirements found in Paragraph 12 of the TRO entered today in cause no.[8] 2020-05191.

Judge Presiding

*Approved as to Form:*

**The Alfred Firm**

/s/ Byron C. Alfred

Byron C. Alfred
SBN: 24084507
2019 Wichita Street
Houston, Texas 77004
Telephone: 713.470.9714
Facsimile: 877.751.7453
Email: Byron@alfredfirm.com
**Attorneys for The Castorena Family**

9

CAUSE NUMBER 2020-05311

Yesenia Ayala
_____
PETITIONER

§    IN THE DISTRICT COURT OF

§    HARRIS COUNTY, TEXAS

VS.

Watson
_____
RESPONDENT

§    157th JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS   §

THIS DOCUMENT IS TO CERTIFY that I, the undersigned, Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of five hundred _____ Dollars ($ 500.00 _____ ), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the 27th day of January, 2020

This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

WITNESS my hand and seal of office this 27th day of January _____ A.D. 20 20

Marilyn Burgess, District Clerk
Harris County, Texas
PO BOX 4651
Houston, Texas 77210-4651

By: Shaniece Richardson
Deputy District Clerk    Shaniece Richardson

Principal: Yesenia Ayala

Attorney: Byron C Alfred
Bar Number: 24084307.

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

# FILED
Marilyn Burgess
District Clerk

JAN 27 2020

Time: 5:10 p.m.
Harris County, Texas
By Shaniece Richardson
Deputy    Shaniece Richardson

Transaction # 43422134

Page 1 of 1

2/6/2020 2:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40620887
By: LISA COOPER
Filed: 2/6/2020 2:25 PM

**CAUSE NO. 2020-05311**

| | | |
|---|---|---|
| **Yesenia Ayala, as Next Friend of I.C. and A.C., Minors** | § § § | |
| | § | **In the District Court** |
| **Plaintiff,** | § § | |
| **v.** | § § | **157th Judicial District** |
| | § | |
| **Watson Valve Services, Inc., et al.,** | § § | |
| **Defendants.** | § | **Harris County, Texas** |

---

### SUGGESTION OF BANKRUPTCY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967. This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted

McDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
GRINDING AND MANUFACTURING CO.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Byron C. Alfred                                   byron@alfredfirm.com


/s/ Jarrod B. Martin
Jarrod B. Martin

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2020 12:28:01 | | | |
| **PACER Login:** | mhllp123:3421775:0 | **Client Code:** | 7058 |
| **Description:** | Notice of Filing | **Search Criteria:** | 20-30967 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

2/6/2020 2:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40620887
By: LISA COOPER
Filed: 2/6/2020 2:25 PM

**CAUSE NO. 2020-05311**

| | | |
|---|---|---|
| **Yesenia Ayala, as Next Friend of I.C. and A.C., Minors** | § § § | |
| | § | **In the District Court** |
| **Plaintiff,** | § § | |
| **v.** | § § | **157ᵗʰ Judicial District** |
| | § | |
| **Watson Valve Services, Inc., et al.,** | § § | |
| | § | **Harris County, Texas** |
| **Defendants.** | | |

---

**SUGGESTION OF BANKRUPTCY**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30968. This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted

McDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON VALVE
SERVICES, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Byron C. Alfred                              byron@alfredfirm.com


/s/ Jarrod B. Martin
Jarrod B. Martin

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.

**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:57 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30968 |
| Billable Pages: | 1 | Cost: | 0.10 |