## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors** | § | |

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON VALVE SERVICES, INC.** | § | **Case No. 20-30968 (MI)** |
| | § | |
| | § | |
| **Debtor.** | § | |

**JOINT EXPEDITED MOTION OF DEBTORS AND OFFICIAL COMMITTEE OF JANUARY 24 CLAIMANTS TO (I) MODIFY THE AUTOMATIC STAY, (II) SET THE DEADLINE FOR FILING NOTICES OF REMOVAL, (III) SET THE DEADLINE FOR FILING MOTIONS TO REMAND, AND (IV) SCHEDULE OMNIBUS HEARING ON <u>MOTIONS TO REMAND</u>**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

10550932v2

> **AN EXPEDITED HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 8, 2020 AT 9:00 AM CST IN COURTROOM 404, UNITED STATES COURTHOUSE, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**
>
> **IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1 (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS WWW.JOIN.ME. PERSONS CONNECTING BY MOBILE DEVICE WILL NEED TO DOWNLOAD THE FREE JOIN.ME APPLICATION.**
>
> **ONCE CONNECTED TO WWW.JOIN.ME, A PARTICIPANT MUST SELECT "JOIN A MEETING". THE CODE FOR JOINING THIS HEARING BEFORE JUDGE ISGUR IS "JUDGEISGUR". THE NEXT SCREEN WILL HAVE A PLACE FOR THE PARTICIPANT'S NAME IN THE LOWER LEFT CORNER. PLEASE COMPLETE THE NAME AND CLICK "NOTIFY".**

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge:**

Watson Grinding & Manufacturing Co. ("<u>WGM</u>"), Watson Valve Services, Inc. ("<u>WVS</u>" and collectively with WGM, the "<u>Debtors</u>") and the Official Committee of January 24 Claimants (the "<u>Committee</u>") jointly file this *Expedited Motion to (I) Modify the Automatic Stay, (II) Set the Deadline for Filing Notice of Removal, (III) Set the Deadline for Filing Motions to Remand, and (IV) Schedule Omnibus Hearing on Motions to Remand* (the "<u>Motion</u>").

## PRELIMINARY STATEMENT

1. The Motion seeks entry of an agreed order between the Debtors and the Committee on global procedures for (a) lifting the automatic stay to permit parties in interest to amend state

2

10550932v2

court pleadings against the Debtors, to add the Debtors as parties, or to initiate suits against the debtors, and (b) scheduling deadlines for removal notices, motions to remand, and motions to withdraw the references so that these motions are considered by the Court on a coordinated and controlled basis. The relief sought in the Motion will prevent duplicative and unnecessary motion practice, and conserve judicial resources by not requiring the Court to consider repetitive motions seeking similar relief. The relief sought in the Motion is procedural in nature and does not prejudice the substantive rights of creditors or the Debtors on the issues of removal, remand and withdrawal of the reference.

## BASIS FOR EXPEDITED CONSIDERATION

2. The Debtors and the Committee agreed on May 15, 2020, which is less than 21 days from the filing of this Motion, as the first day for the stay to be lifted to allow parties to file suit or amend claims against the Debtors. Expedited consideration of this Motion will prevent parties from unnecessarily filing motions for relief from stay that will be moot if this Motion is granted. The Court has set this matter for hearing on May 8, 2020 at 9:00 a.m.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## BACKGROUND

4. In the early morning of January 24, 2020, a tragic explosion occurred at the WGM thermal spray coating facility. Many individuals and businesses have asserted property damage and personal injury claims against the Debtors relating to the explosion. There were a number of state court lawsuits filed prior to the Petition Date, and there are likely unknown claimants who

3

10550932v2

would assert similar claims in the future who have not yet initiated suit or filed claims in the Debtors' bankruptcy cases.

5. On February 6, 2020 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). Both the Debtors continue to operate their business and manage their properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.[1]

6. On February 21, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee in the WGM case pursuant to sections 1102(a) and 1102 (b)(1) of the Bankruptcy Code. The Committee consists of the following claimants: (i) Travis Horton, (ii) Massiel Nunez, (iii) Houston Corvette Service, (iv) Margarita Flores, (v) Phillip Burnam, (vi) Janette Thomas, and (vii) Gerardo Castorena, Jr.

7. Prior to the Petition Date, numerous lawsuits arising out of the January 24 incident were filed in state court against the Debtors. Other claimants were preparing to file lawsuits against the Debtors in state court but did not do so prior to the Petition Date and the automatic stay has prevented additional suits from being filed following the Petition Date. Some state court lawsuits name both Debtors, while others name only WGM.

8. Three parties have recently filed motions for relief from the stay to file or continue suits against WGM or both of the Debtors in state court. In response, the Debtors have removed approximately two dozen state court lawsuits to the Bankruptcy Court. WVS removed two lawsuits, while WGM removed the remainder. It is anticipated that the plaintiffs in these adversary proceedings will file motions to remand and/or motions to withdraw the reference. It is anticipated

---

[1] Additional information regarding the Debtor and the Bankruptcy Case, including the Debtor's business operations, capital structure, financial condition, and the reasons for and objectives Bankruptcy Case, is set forth in the *Declaration of Robert L White in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 2].

4

that additional lift stay motions could be filed to address a variety of different scenarios relating litigation involving the Debtors and/or relating to the explosion that occurred on January 24, 2020.

## RELIEF REQUESTED

9. In order to avoid a disorderly, piecemeal adjudication of what the parties anticipate will be a significant number of motions for relief from stay, motion to remand and motions to withdraw the reference, the Debtors and the Committee negotiated the following deadlines to provide a uniform timeline for the Court's adjudication of these issues on a global basis for all lawsuits against the Debtors at a single omnibus hearing:

- Between <u>May 15, 2020 and July 8, 2020</u>, the automatic stay shall be temporarily modified to allow any party to:

    a. Amend complaints or petitions in pending non-bankruptcy actions (for the avoidance of doubt, amend complaints or petitions in pending non-bankruptcy actions that have not been removed to federal court) for the purpose of adding claims and causes of action against the Debtors;[2]

    b. Add the Debtors as a defendant in pending non-bankruptcy actions; and

    c. File suit against WGM, WVS, or both of the Debtors.

- The deadline for filing notices of removal of non-bankruptcy actions against the Debtor is <u>August 7, 2020</u>.

- The deadline for filing motions to remand and motions to withdraw the reference of the removed actions is <u>August 31, 2020</u>.

- Objections to timely filed motions to remand and motions to withdraw the reference of the removed actions shall be due on <u>September 30, 2020</u>.

---

[2] This relief only applies to actions pending in state court because parties do not need to seek stay relief to take such action in the suits that the Debtors removed to the bankruptcy court.

5

10550932v2

- The Court will conduct an omnibus evidentiary hearing on all motions to remand and motions to withdraw the reference of the removed actions in mid-October 2020.

10. The proposed procedure will benefit the estates and their creditors. The lift stay procedures are global in application and limited in scope. The stay will be modified for all plaintiffs and potential plaintiffs to amend claims against the Debtors, add the Debtors as parties or file new suits against the Debtors in state court proceedings without having to file separate motions for relief from stay. However, the stay will remain in place for the further prosecution of those cases in state court. This relief eliminates the need for multiple lift stay motions to be filed raising essentially the same issues and will save the resources of both the Debtors and plaintiffs. Additionally, the procedures will prevent any plaintiff from being advantaged or disadvantaged compared to other plaintiffs by a race to the courthouse or a race to collect against the Debtors' insurance.

11. The deadline to take the specified actions against the Debtors is July 8, 2020, which is also the deadline to file proofs of claim against the Debtors. Setting this deadline for filing actions against the Debtors will allow the Debtors and the Court to define the universe of potential lawsuits against the Debtors.

12. Once the full universe of lawsuits and claims are known, the proposed procedures put all of the subsequent motion practice in the removed cases on a single-track ending in an omnibus hearing where the Court can decide all issues concerning remand and withdrawal of the reference at the same time.

## **CONCLUSION**

13. The Debtors and the Committee respectfully request that the Court enter the attached order and grant the movants any other relief to which they may be entitled.

10550932v2

Dated: May 1, 2020.

    Respectfully submitted,

    PORTER HEDGES LLP

    */s/ Aaron J. Power*
    Joshua W. Wolfshohl
    State Bar No. 24038592
    Aaron J. Power
    State Bar No. 24058058
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    (713) 226-6000
    (713) 226-6248 (fax)
    jwolfshohl@porterhedges.com
    apower@porterhedges.com

    COUNSEL FOR THE OFFICIAL COMMITTEE OF JANUARY 24 CLAIMANTS

    AND

    MCDOWELL HETHERINGTON LLP

    By: */s/ Jarrod B. Martin*
    Jarrod B. Martin
    Texas Bar No. 24070221
    Kate H. Easterling
    Texas Bar No. 24053257
    Avi Moshenberg
    Texas Bar No. 24083532
    1001 Fannin Street
    Suite 2700
    Houston, TX 77002
    P: 713-337-5580
    F: 713-337-8850
    E: Jarrod.Martin@mhllp.com
    E: Kate.Easterling@mhllp.com
    E: Avi.Moshenberg@mhllp.com

    *Counsel for Watson Valve Services, Inc.*

    AND

        JONES MURRAY & BEATTY, LLP

        By:  */s/ Erin E. Jones*
        Erin E. Jones
        Texas Bar No. 24032478
        4119 Montrose Suite 230
        Houston, TX 77006
        Phone: 832-529-1999
        Fax: 832-529-5513
        Email: erin@jmbllp.com

        COUNSEL FOR WATSON GRINDING &
        MANUFACTURING CO.

10550932v2