IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-30968 |
| Watson Valve Services, Inc. | § | Chapter 11 |
| | § | |
| Debtor. | § | |

### DEBTOR'S CORRECTED MOTION TO PAY WATSON GRINDING RECEIVABLES COLLECTED ON WATSON GRINDING'S BEHALF

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Valve Services, Inc. ("**Debtor**") files this motion to pay collected receivables that belong to the bankruptcy estate of Watson Grinding & Manufacturing Co. ("**Motion**") In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). This action is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Court has constitutional authority to enter a final order regarding this Motion.

### BACKGROUND AND RELIEF REQUESTED

4. On February 6, 2020 ("**Petition Date**"), the Debtor and Watson Grinding & Manufacturing Co ("**Watson Grinding**") filed voluntary petitions under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"). Both the Debtor and Watson Grinding continue to operate their business and manage their properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 10, 2020, the Court authorized the formation of the January 24 Claimants Committee as a statutory committee in the Watson Grinding case (Case No. 20-30967), pending before this Court.

6. On January 24, 2020, there was a tragic explosion at Watson Grinding's facilities located at multiple addresses on both Gessner Road ("**Watson Grinding's Facilities**") and Steffani Lane ("**Watson Valve's Facilities**") in Houston, Texas.

7. Prior to the Petition Date, Watson Grinding issued the following invoices totaling $515,494.12:

| Customer Name | Invoice Date | Invoice Number | Amount Invoiced |
| --- | --- | --- | --- |
| Pueblo Viejo Dominica Corporation | 12/18/2019 | 038958 | $284,889.12 |
| Lihir Gold Limited | 12/30/2019 | 039027 | $23,530.00 |
| Pueblo Viejo Dominica Corporation | 12/31/2019 | 039032 | $207,075.00 |

8. After the Petition Date these Watson Grinding customers mistakenly wired these funds to the Debtor. While the Debtor currently holds these funds in its bank account, these funds

are not property of the Debtor's bankruptcy estate. The Debtor therefore seeks authority to pay Watson Grinding the funds that belong to its estate: $515,494.12.

## **NOTICE**

9. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of Texas; (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002; (vi) any other party entitled to notice pursuant to Local Rule 9013-1(d); (vii) Husch Blackwell as counsel for Texas Capital Bank; (viii) counsel for state court litigation claimants; (ix) all parties requesting notice in these cases; and (x) the attorney general for the State of Texas; (xi) counsel for the January 24 Claimants Committee in the Watson Grinding case (collectively, with the parties listed in the preceding paragraph, "**Notice Parties**"); and (xii) any known counsel for any entities listed above; and (xii) all those listed on the Master Service List in this case.

## **PRAYER**

The Debtor prays that the Court enter an order allowing it to pay $515,494.12 and for any other relief that the Court deems just.

Dated: May 5, 2020

                                                 Respectfully submitted,

                                                 MCDOWELL HETHERINGTON LLP

                                                 By: /s/ Jarrod B. Martin
                                                 Jarrod B. Martin
                                                 Texas Bar No. 24070221
                                                 Kate H. Easterling
                                                 Texas Bar No. 24053257
                                                 Avi Moshenberg
                                                 Texas Bar No. 24083532

1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com
E: Kate.Easterling@mhllp.com
E: Avi.Moshenberg@mhllp.com

***COUNSEL FOR WATSON VALVE SERVICES, INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 5, 2020 a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin