IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-30968 |
| Watson Valve Services, Inc. | § | |
| | § | Chapter 11 |
| Debtor. | § | |

### MOTION SEEKING EXTENSION OF EXCLUSIVITY PERIOD TO FILE A PLAN OF REORGANIZATION

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Valve Services, Inc. ("**Debtor**") files this motion to extend the exclusivity period to file a plan of reorganization ("**Motion**"). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This Court may hear and determine this Application under 28 U.S.C. § 157. The

motion is a core proceeding under 28 U.S.C. § 157(b)(2).

2.     Venue over this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order in this matter. If it does not, the Debtor consents to entry of a final order in this matter.

## BACKGROUND

3.     On February 6, 2020 ("**Petition Date**"), the Debtor and Watson Grinding & Manufacturing Co ("**Watson Grinding**") filed voluntary petitions under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"). Both the Debtor and Watson Grinding continue to operate their business and manage their properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On February 10, 2020, the Court authorized the formation of the January 24 Claimants Committee as a statutory committee in the Watson Grinding case (Case No. 20 30967), pending before this Court.

5.     The Debtor has been faced with challenges from the tragic explosion that has affected the Watson Grinding facility, as well as the Debtor's facility. For many weeks after the case was filed, the Debtor did not have the ability to access its business records.

6.     The claims bar date is July 8, 2020.

## RELIEF REQUESTED

7.     The Debtor requests that the Court extend Exclusivity (defined below) to September 3, 2020, which is ninety days after the present Exclusivity for the Debtor expires.

## DISCUSSION

8. Pursuant to the Bankruptcy Code, "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). "Any party in interest . . . may file a plan if and only if—

   1) a trustee has been appointed under this chapter;

   2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

   3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan."

*Id. §* 1121(c). These periods (both such periods, "**Exclusivity**") ensure that the Debtor has a fair and reasonable opportunity to propose a plan prior to other parties-in-interest obtaining such potential.

9. However, the Bankruptcy Code recognizes that these periods may provide insufficient time to formulate and propose a meaningful plan. Accordingly, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Id. §1121(d).

10. Although no precise formula exists for determining whether cause to extend Exclusivity has been shown, courts generally apply one or more of the following factors to guide their inquiry:

   (i) the size and complexity of the case; (ii) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate

information; (iii) the existence of good faith progress toward reorganization; (iv) the fact that the debtor is paying its bills as they become due; (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (vi) whether the debtor has made progress in negotiations with its creditors; (vii) the amount of time which has elapsed in the case; (viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (ix) whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

11. The Exclusivity for the Debtor expires on June 5, 2020. If the Court grants this Motion, the Debtor requests that the extended Exclusivity period expire on September 3, 2020, plus an additional sixty-day extension thereafter for the confirmation of a plan, if one is filed by the Debtor prior to said date, subject to the Debtor's ability to request further extensions of Exclusivity.

12. The Debtor submits that the application of the above factors support the extension of Exclusivity as requested herein. The Bankruptcy Case, though not large in size, has multiple complex and critical issues yet to be resolved, including, but not limited to:

1) The Bankruptcy Case has multiple complex and critical issues yet to be resolved, including resolution of the removal of state court litigation;

2) The marketing and sale of the Debtor's assets;

3) The Debtor is generally current on its postpetition payment obligations;

4) The Debtor is engaged in ongoing good-faith negotiations with multiple stakeholders, including the January 24 Claimants Committee regarding a consensual plan of reorganization;

5) The Debtor has nonetheless commenced the plan formulation stage of the Bankruptcy Case, and it continues to work on a potential plan structure—

the Debtor has moved as rapidly as possible to advance this Bankruptcy Case.

13. Additionally, Congress has clearly evidenced its intention that a debtor be provided a meaningful opportunity to be the first to propose a Chapter 11 plan, prior to any other party-in-interest obtaining the opportunity to propose its own plan. See 11 U.S.C. § 1121(b). In the case at bar, the Debtor is doing everything expected of it and is progressing forward in this Bankruptcy Case towards its natural conclusion. Accordingly, the clear Congressional preference for the Debtor to have the first opportunity to propose a plan should be honored.

14. The ninety-day extension of Exclusivity requested in this Motion is well within the extension periods ordinarily granted to a Chapter 11 debtor-in-possession. *See*, *e.g.*, *In re* Friedman's Inc., 336 B.R. 884 (Bankr. S.D. Ga. 2005 (granting extensions of nine and ten months); *In re* Newark Airport Hotel L.P., 156 B.R. 444 (Bankr. D.N.J. 1993) (granting extension of approximately six months).

15. Finally, the Court should "balance the harm the extension will cause to creditors." *In re* Friedman's Inc., 336 B.R. at 889; *see also In re* Mirant Corp., No. 04-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sep. 30, 2004) (affirming extension of exclusivity). In this Bankruptcy Case, extending Exclusivity will not cause harm to creditors. On the contrary, it will benefit all creditors by ensuring that the Debtor has sufficient time to make appropriate economic decisions, participate in the formulation of a Chapter 11 plan, and move towards formulating a meaningful and feasible plan—which will benefit all creditors.

16. Although the Debtor believes that some of the contingencies that presently make the finalization of a Chapter 11 plan unfeasible (including the arrival of the claims bar date) will be resolved by the conclusion of the requested extended Exclusivity period, the Debtor reserves its right to request one or more further extensions of Exclusivity should the facts and circumstances warrant the same.

## NOTICE

17. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of Texas; (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002; (vi) any other party entitled to notice pursuant to Local Rule 9013-1(d); (vii) Husch Blackwell as counsel for Texas Capital Bank; (viii) counsel for state court litigation claimants; (ix) all parties requesting notice in these cases; and (x) the attorney general for the State of Texas; (xi) counsel for the January 24 Claimants Committee in the Watson Grinding case (collectively, with the parties listed in the preceding paragraph, "**Notice Parties**"); and (xii) any known counsel for any entities listed above; and (xii) all those listed on the Master Service List in this case.

# PRAYER

The Debtor respectfully requests that the Court enter an order (i) granting the Motion; (ii) extending Debtor's Exclusivity to September 3, 2020 for the filing of a Chapter 11 plan; and (iii) granting the Debtor all such other and further relief as to which it may show itself to be justly entitled.

Dated: May 6, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
Kate H. Easterling
Texas Bar No. 24053257
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com
E: Kate.Easterling@mhllp.com
E: Avi.Moshenberg@mhllp.com

***COUNSEL FOR WATSON VALVE SERVICES, INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 6, 2020, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and via email on Counsel for the State Court Litigation Claimants (as provided below). The undersigned further certifies that the foregoing Motion was served upon all parties listed on the attached Service Lists by no later than the next day after the filing in accordance with Bankruptcy Local Rule 9013-1(f).

Further, in addition to the foregoing the undersigned certifies that on March 23, 2020, a true and correct copy of the foregoing Motion was served via email on Counsel for the State Court Litigation Claimants at the email addresses provided below:

lthweatt@terrythweatt.com; jterry@terrythweatt.com; akamins@kamins-law.com; swalker@manuelsolis.com; gfinney@manuelsolis.com; jusolis@manuelsolis.com; Byron@alfredfirm.com; rzehl@zehllaw.com; mgreenberg@zehllaw.com; mmartin@zehllaw.com; gfcdocketefile@mostynlaw.com; filing@mcmillanfirm.com; cam@mcmillanfirm.com; mem@mcmillanfirm.com; tbuzbee@txattorneys.com; cleavitt@txattorneys.com; rpigg@txattorneys.com; maziz@awtxlaw.com; klong@awtxlaw.com; bilaalbadat.law@outlook.com; cameron.tebo@mherringlaw.com; martyherring@hotmail.com; tate@bainlaw.net; Karl@bainlaw.net; banthony@anthony-peterson.com; dpeterson@anthony-peterson.com; Sarah.Utley@cao.hctx.net; Kathy.Porter@pcs.hctx.net; rkwok@kwoklaw.com; rloya@kwoklaw.com; jleal@kwoklaw.com; aboylhart@kwoklaw.com; whoke@whokelaw.com; swalker@manuelsolis.com; gfinney@manuelsolis.com; jusolis@manuelsolis.com; litigation@thehadilawfirm.com; ebdick@gmail.com; banthony@anthony-peterson.com; aanthony@anthony-peterson.com; rbon1@swbell.net; joel.simon@trialattorneytx.com; steve.fernelius@trialattorneytx.com; ryan.perdue@trialattorneytx.com; dpotts@potts-law.com; mbins@potts-law.com; rburnett@rburnettlaw.com; prahgozar@rahgozarlaw.com; lnichols@rahgozarlaw.com; watsonteam@arnolditkin.com; kfindley@arnolditkin.com; alewis@arnolditkin.com; ksellers@arnolditkin.com; Richard.Kincheloe@usdoj.gov; Abigail.Ryan@oag.texas.gov; jsd@aol.com; hflores@rappandkrock.com; kkrock@rappandkrock.com; Houston_bankruptcy@publicans.com; jason.binford@oag.texas.gov; Abigail.ryan@oag.texas.gov; gene@shraderlaw.com; eservice@zehllaw.com; jmontgomery@shipleysnell.com

                                                                     */s/ Jarrod B. Martin*
                                                                     Jarrod B. Martin