

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/06/2020

| In re: | § | |
|---|---|---|
| | § | **Chapter 11** |
| **WATSON VALVE SERVICES, INC** | § | |
| | § | **Case No. 20-30968** |
| Debtors. | § | |

**ORDER AUTHORIZING EMPLOYMENT OF SPECIAL**

**COUNSEL** (Related to Doc. No. 272)

Upon the Application of Robert Ogle ("**Trustee**"), Chapter 11 Trustee of the bankruptcy estate of the above named Debtor, praying for authority to employ and appoint the law firm of McDowell Hetherington, LLP ("**MH**") on a limited basis *nunc pro tunc*, to employ and appoint the law firm of Chamberlain, Hrdlicka, White, Williams & Aughtry P.C. as special counsel ("**CHWWA**") and to designate Jarrod B. Martin to act as lead counsel to represent the Trustee, and it appearing from the Application and the Declaration attached thereto that the members of MH and CHWWA are attorneys duly admitted to practice in this Court, and that neither MH nor CHWWA represent interests adverse to the Trustee, the above named Debtor, or the bankruptcy estate in the matters upon which it is to be engaged, that MH and CHWWA are disinterested as that term is defined by § 101(14) of the Bankruptcy Code, that their employment is necessary and would be in the best interest of the estate, and that the case is one that requires retention of counsel, it is:

**ORDERED** that the Trustee is hereby authorized to employ and appoint MH as special counsel, with Jarrod B. Martin acting as lead counsel, to represent the Trustee in this case, effective as of June 4, 2020 – June 12, 2020; and it is further

**ORDERED** that the Trustee is hereby authorized to employ and appoint CHWWA as special counsel, with Jarrod B. Martin acting as lead counsel, to represent the Trustee in this case, effective as June 12, 2020; it is further

**ORDERED** that MH is authorized to withdraw as counsel and is deemed to have withdrawn effective June 12, 2020; it is further

**ORDERED** that MH and CHWWA are authorized to perform the professional services as provided on Exhibit A to the Application to prevent duplicity in services between special counsel and general counsel, which duties may be amended in the Trustee's sole discretion as the case proceeds; it is further

**ORDERED** that neither MH, nor CHWWA shall be compensated by the bankruptcy estate for performing duties required to be performed by the Trustee; it is further

**ORDERED** that the fees and reimbursement of expenses of both MH and CHWWA are subject to application to and approval by the Court; and it is further

**ORDERED** that in no way shall the bankruptcy estate pay any costs or expenses relating to the transition of the engagement from MH to CHWWA; and it is further

**ORDERED** that should the Trustee desire for CHWWA to perform any additional professional services, other than those authorized herein, leave is hereby granted for the Trustee to file such other applications or supplemental applications as may be necessary or appropriate.

Signed: August 06, 2020

_____
Marvin Isgur
United States Bankruptcy Judge