IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| | § | **Case No. 20-30968** |
| Debtors. | § | |

**TRUSTEE'S MOTION TO ADOPT AND RATIFY EMPLOYMENT OF
PROFESSIONALS EMPLOYED BY DEBTOR-IN-POSSESSION
NUNC PRO TUNC TO JUNE 4, 2020**

(Related to Doc. Nos. 103, 104, 137, and 166)

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

***Please note that on March 24, 2020, through the entry of General Order 2020-10, the Court invoked the Protocol for Emergency Public Health or Safety Conditions. The Order may be found at: https://www.txs.uscourts.gov/bankruptcy/genord.

**Electronic Appearances**

It is anticipated that all persons will appear telephonically and also may appear via video at this hearing.

**Audio Communication**

Audio communication will be by use of the Court's regular dial-in number. The dial-in number is 1-832-917-1510. You will be responsible for your own long-distance charges. You will be asked to key in the conference room number. Judge Isgur' conference room number is 954554. Parties are encouraged to review the Court's procedures for telephonic appearances located at https://www.txs.uscourts.gov/content/united-states-bankruptcyjudge-marvin-isgur Attorneys and parties-in-interest wishing to participate in the hearing must connect to the hearing by audio communication. Any person wishing to observe the proceeding may also dial in to the audio conference dial-in number. Each person who speaks at the electronic hearing should be prepared to restate that person's name each time that the person speaks in order to assist any transcriber of the audio recording.

**Video Communication**

**Effective August 1, 2020, the Court will utilize GoToMeeting for all video hearings. You should download the free GoToMeeting application on each device that will be used to connect to a hearing. If you choose to connect via a web browser, available literature suggests that Chrome is the preferred browser. Please note that connecting through a browser may limit the availability of some GoToMeeting features. To connect to a hearing, you should enter the meeting code "JudgeIsgur". You can also connect using the link on each judge's homepage on the Southern District of Texas website. Once connected to GoToMeeting, click the settings icon in the upper right corner and enter your name under the personal information setting. The Court's dial-in facility for audio is unchanged. The number is 832-917-1510. The meeting room for Judge Isgur remains 954554.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Robert Ogle, the Chapter 11 Trustee of the bankruptcy estate of Watson Valve Services, Inc. ("**Debtor**") and files this *Motion to Adopt and Ratify Employment of Professionals Employed by the Debtor-in-Possession* ("**Motion**") and would show the Court as follows:

**SUMMARY OF MOTION**

1. The Debtor operated as a debtor-in-possession from February 6, 2020 until June 4, 2020 during which time the Debtor employed several professionals. On June 4, 2020, Robert Ogle was appointed as the Chapter 11 Trustee ("**Trustee**") of the bankruptcy estate of the Debtor [Doc. No. 221]. The Trustee seeks an order allowing the continued employment professionals previously approved by the Court.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

3. The bases for the relief requested herein are Sections 327(e), 328(a), 330 and 1106 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and modified, the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure, Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas, and the Procedures for Complex Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas.

## FACTUAL BACKGROUND

### A. General Background.

4. On February 6, 2020 ("**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code ("**Case**"). As of the Petition Date, the Debtor was not operating its business in the ordinary course of business but was engaged in limited operations.[1] Following the first-day hearing on February 10, 2020, the Court designated this case as a complex Chapter 11 case.

5. The Debtor operated as a debtor-in-possession from February 6, 2020 until June 4, 2020, when Robert Ogle was appointed as the Chapter 11 Trustee of the bankruptcy estate of the Debtor [Doc. No. 221].

### B. Professionals Employed by Debtor-in-Possession.

6. On March 9, 2020, the Debtor filed an *Application to Employ Gieger, Laborde, and Laperouse LLC as Special Litigation Counsel* [Doc. No. 66]. On April 1, 2020, the Court approved the Debtor's employment of Gieger, Laborde and Laperouse LLC ("**GLL**") as special counsel to the Debtor for matters relating to the January 24 explosion. GLL is handling (i) the investigation of the origin and cause of the explosion; (ii) oversight and management of the site of the explosion; (iii) defense of all civil suits asserting claims relating to the explosion; (iv) the investigations of ATF, OSHA, TCEQ, and CSB; (v) responses to media inquiries; and (vi) support in the bankruptcy

---

[1] Additional information about the Debtor and its business can be found in the Declaration of Robert L. White filed at Docket No. 10 in this Case.

case with respect to investigation and resolution of potential claims against the Debtor relating to the explosion [Doc. No. 103]. GLL received this assignment from Indian Harbor Indian Harbor Insurance Company ("**Indian Harbor**"), the Debtor's commercial liability insurance carrier, and is paid by Indian Harbor. However, GLL's client is the Debtor.

7. On March 9, 2020, the Debtor filed an *Application to Employ Sheehy Ware Pappas as Special Litigation Counsel* [Doc. No. 67]. On April 1, 2020, the Court entered an Order approving the Debtor's employment of Sheehy Ware Pappas ("**SWP**") as special counsel to the Debtor for matters relating to the defense of potential employer liability claims related to the fatalities of Frank Flores and Gerardo Castorena, and the injury claims asserted by Sean Rangel [Doc. No. 104]. SWP received this assignment from Texas Mutual Insurance Company, the Debtor's commercial liability insurance carrier, and is paid by Texas Mutual Insurance Company. However, SWP's client is the Debtor.

8. On March 17, 2020, the Debtor filed an *Application for Entry of an Order Authorizing Employment and Retention of MACCO Restructuring Group LLC as Financial Advisor Effective as of the Petition Date* [Doc. No. 73]. On July 7, 2020, the Court entered an Order approving the Debtor's employment of MACCO Restructuring Group LLC ("**MACCO**") as financial advisor to the Debtor to assist with restructuring and business strategy advice, preparation of cash flow and related financial and business models, preparing of the Debtor's statement of financial affairs, schedules, monthly operating reports and similar reports among other items [Doc. No. 137].

9. On April 8, 2020, the Debtor filed *Application for Entry of an Order Authorizing Employment and Retention of Cummings & Houston, L.L.P. as Accountant for the Debtor Nunc Pro Tunc to February 20, 2020* [Doc. No. 127]. On May 6, 2020, the Court entered an order

approving the Debtor's employment of Cummings & Houston, L.L.P. ("**CH**") as its accountant to assist with (i) preparing any necessary federal and state income, payroll, sales, franchise and excise tax returns and reports of the bankruptcy estate, and (ii) providing evaluations and advice to the Debtor on tax matters which may arise, including the determination of the tax basis of estate assets and the evaluation of the tax effects of the sale of assets of the estate [Doc. No. 166].[2]

## RELIEF SOUGHT

10. The Trustee seeks to employ GLL, SWP, MACCO, and CH on the same terms and conditions as already employed by the Debtor when it operated as a debtor-in-possession. The Trustee has evaluated the services to be provided by these professionals and believes it is in the best interests of the estate to continue the employment of GLL, SWP, MACCO, and CH based on their expertise in the matters on which they are employed and the expertise they have gained in particular with the Debtor and its affairs based on their work on the Debtor's behalf thus far in this Case. As to MACCO, the Trustee only requests the employment to continue through July 31, 2020, to provide time to transition financial reporting.

11. As such, the Trustee seeks an order employing GLL, SWP, MACCO, and CH on behalf of the Trustee as of the June 4, 2020.

12. The Trustee seeks permission to retain GLL SWP, CH, and MACCO on a *nunc pro tunc* basis to June 4, 2020. *Nunc pro tunc* relief is requested as the Trustee is attending to housekeeping matters as it relates to the bankruptcy estate and his appointment.

WHEREFORE, the Trustee requests that *nunc pro tunc* relief be granted; that he be permitted to continue the employment of GLL, SWP, and CH on behalf of the bankruptcy estate

---

[2] *SSG Advisors, LLC and Statesman Corporate Finance LLC, the Debtor's investment banker, filed its First and Final Application for Allowance of Compensation and Reimbursement of Expenses* [Docket No. 266] that was granted on August 7, 2020 [Docket No. 293].

on the same terms and conditions previously ordered by this Court; that he be permitted to continue to employ MACCO on the same terms and conditions previously ordered by this Court for a limited time period; and that he be granted such other and further relief as the Court deems appropriate.

Dated: September 4, 2020

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Special Counsel for Robert Ogle,*
*Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 4, 2020, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first class mail via the attached service for parties effected by this Motion.

                                            */s/ Jarrod B. Martin*
                                            Jarrod B. Martin