**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-30968** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| | § | |
| Debtor. | § | **(Chapter 11)** |

**FIRST AND FINAL FEE APPLICATION COVER SHEET FOR THE FIRST AND FINAL FEE APPLICATION OF OKIN ADAMS LLP, COUNSEL FOR THE CHAPTER 11 TRUSTEE, FOR THE PERIOD JUNE 4, 2020 THROUGH DECEMBER 31, 2020**

| | | |
|---|---|---|
| Name of Applicant: | Okin Adams LLP | |
| Applicant's role in case: | Counsel to the Chapter 11 Trustee | |
| Date order of employment signed: | July 31, 2020 [Docket No. 279] | |
| Amount of retainer received prior to filing of petition: | n/a | |
| Any amount received after filing of petition: | $149,218.97 | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | June 4, 2020 | December 31, 2020 |
| Time period covered by prior Applications: | n/a | n/a |
| Total amounts awarded in all prior Applications: | n/a | |
| Total fees requested in this Application and in all prior Applications (including fee for preparation of Application): | $437,483.00 | |
| Total professional fees requested in this Application: | $435,495.00 | |
| Total actual professional hours covered by this Application: | 856.5 | |
| Average hourly rate for professionals: | $500.00 | |
| Total paraprofessional fees requested in this Application: | $1,988.00 | |
| Average hourly rate for paraprofessionals: | $140.00 | |
| Reimbursable expenses sought in this Application: | $4,782.53 | |
| Total of payments paid to Priority Unsecured Creditors (other than applicant): | To be paid in full | |
| Anticipated % Dividend to Priority Unsecured Creditors | 100% | |
| Estimated total to be paid to unsecured creditors: | <ul><li>Tort Claimants: To be determined</li><li>Trade and Non-tort Claimants: $1,818,010</li><li>Class 13, Indemnity Claims, Reserve: $1,000,000</li></ul> | |
| Estimated percentage dividend to unsecured creditors: | <ul><li>January 24 Claims against Watson Valve, Class 10, 1% - 22.8%</li><li>Minor Damage Claims against Watson Valve, Class 11, 40% to 100%</li><li>General Unsecured Claims against Watson Valve, Class 12, 100%</li><li>Indemnity Claims against Watson Valve, Class 13, 1% to 100%</li></ul> | |
| Date that plan was confirmed: | December 30, 2020 [Docket No. 470], Effective Date, December 31, 2020 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-30968 |
| WATSON VALVE SERVICES, | § | |
| INC., | § | |
| Debtor. | § | (Chapter 11) |

**FIRST AND FINAL FEE APPLICATION OF OKIN ADAMS LLP,
COUNSEL FOR THE CHAPTER 11 TRUSTEE,
FOR THE PERIOD JUNE 4, 2020 THROUGH DECEMBER 31, 2020**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A
RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST
FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE
THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY
THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A
TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT
FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND
HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE
HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT
MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE
THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR
ATTORNEY**

Okin Adams LLP ("Okin Adams" or "Applicant"), counsel to Robert E. Ogle, Chapter 11

Trustee (the "Trustee") for Watson Valve Services, Inc. (the "Debtor"), files this First and Final

Fee Application for the period June 4, 2020 through December 31, 2020 ("Application") and states

the following in support:

## SUMMARY OF RELIEF REQUESTED

1.      By this Application, Okin Adams seeks entry of an order, substantially in the form attached hereto, (a) awarding Okin Adams on a final basis compensation for services rendered in the total amount of $417,483.00[1] and reimbursement of actual and necessary expenses in the total amount of $4,782.53, for a total of $442,265.53, for the period of June 4, 2020 through December 31, 2020 (the "Application Period"), (b) authorizing and directing the Watson Valve Liquidating Trustee[2] to pay Okin Adams its remaining unpaid fees and expenses of $293,046.56, and (c) granting such other relief as is appropriate under the circumstances.

2.      In support of the relief requested in this Application, attached hereto are the following exhibits:

- **Exhibit A** – Order Approving the Trustee's Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment of Okin Adams LLP as Counsel for the Trustee (the "OA Retention Order") [Docket No. 279].

- **Exhibit B** – Summary of timekeepers, summary of expense reimbursement by category, and detailed billing statements.

- **Exhibit C** – Fee Statements

3.      All professional services for which Okin Adams requests compensation and allowance in this Application, other than the estimated fees and expenses associated with the preparation and filing of this Application and the fee applications of other Trustee professionals,

---

[1] Okin Adams also seeks an additional $20,000 for the estimated cost of preparing and serving this Application and the applications of other Trustee professionals.

[2] Pursuant to the Plan and the occurrence of the Effective Date, all of the Debtor's remaining assets have been transferred to Eva Engelhart, the Watson Valve Liquidating Trustee.

were performed during the period from June 4, 2020 through December 31, 2020, for and on behalf of Trustee.  Okin Adams seeks final approval of all professional fees and expenses incurred in this case.  No agreement or understanding exists between Okin Adams and any other person with respect to the sharing of compensation sought herein, except that the compensation approved by the Court will be shared among Okin Adams' partners, associates, and personnel as authorized under the Bankruptcy Code.

## JURISDICTION

4.      This United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. § 1408.

5.      The basis for the relief requested in this Application are Sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas (the "Complex Case Procedures").

## PROCEDURAL BACKGROUND

6.      On February 6, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Bankruptcy Case") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

7.      Prior to filing bankruptcy, the Debtor specialized in supplying specialty and custom valves for the severe service ball value market, with a specialty in valves for autoclaves used to mine gold.

8.      On January 24, 2020, an explosion (the "January 24 Explosion") occurred on the property of Watson Grinding & Manufacturing Co. ("Watson Grinding") that tragically took the lives of two people, but also severely damaged the Debtor's and Watson Grinding's business operations. Because of the January 24 Explosion, the Debtor and Watson Grinding filed for bankruptcy protection.

9.      On February 10, 2020, the Court granted its own oral motion to approve the appointment of the January 24 claimants committee (the "January 24 Claimants Committee").

10.     On March 13, 2020, the Debtor filed its Motion for an Order Establishing Interim Professional Compensation Procedures, and on April 6, 2020, the Court entered the Order Establishing Interim Professional Compensation Procedures (the "Interim Compensation Order") [Docket No. 120].

11.     On March 23, 2020, the Debtor filed its Schedules and Statement of Financial Affairs [Doc. #77].

12.     On May 27, 2020, the Debtor filed its Emergency Motion of the Debtor for an Order (I) Approving Bid Procedures; (II) Authorizing the Sale Free and Clear of Liens, Claims, Interests, and Encumbrances to Mogas Industries, Inc. of Certain Assets; and (III) Granting Related Relief [Docket No. 183].

13.     On May 29, 2020, the January 24 Claimants Committee filed its Emergency Motion for Appointment of Chapter 11 Trustees in both the Debtor's case and in Watson Grinding's bankruptcy case (the "Chapter 11 Trustee Motion") [Docket No. 196].  The Court granted the

5

Chapter 11 Trustee Motion [Docket No. 216].  By granting the Chapter 11 Trustee Motion, exclusivity for the Debtor and Watson Grinding to file plans of reorganization terminated.

14.     On June 4, 2020, the Trustee was appointed as the chapter 11 trustee of the Debtor [Docket No. 221].

15.     On June 22, 2020, the Trustee filed the Emergency Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 365 (A) Approving the Sale of the Assets to the Party Submitting the Highest or Best Bid, (B) Approving the Assumption and Assignment of Certain Executory Contracts on a Conditional Basis, and (C) Granting Related Relief (the "Sale Motion") [Docket No. 233].

16.     On June 25, 2020, the Court granted the Sale Motion and approved a sale of substantially all assets to Mogas Industries, Inc. [Docket No. 242].

17.     On July 2, 2020, Okin Adams filed the Trustee's Application for an Order Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment of Okin Adams LLP as Counsel for the Trustee [Docket No. 256].  On July 31, 2020, the Court granted OA Retention Order.  A copy of the order is attached as **Exhibit A**.

18.     On August 31, 2020, multiple plaintiffs filed motions for remand (the "Motions for Remand") in the adversary proceedings pending against the Debtor.

19.     On September 9, 2020, John Watson filed his Chapter 11 Plan of Reorganization [Docket No. 323] and accompanying Disclosure Statement [Docket No. 324].

20.     On October 12, 2020, the Debtor filed objections to the Motions for Remand.

21.     On October 16, 2020, the January 24 Claimants Committee filed their Combined Disclosure Statement and Joint Plan of Liquidating of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code [Docket No. 404].

22.     On October 22, 2020, the Court heard the Motions for Remand and relevant objections, but withheld ruling pending the parties voiced willingness to engage in settlement negotiations including agreeing to mediate.

23.     On November 10, 2020, the parties, participate in mediation conducted by the Honorable David R. Jones.  Due to the efforts of Judge Jones and the parties, the parties soon began negotiating a framework to reach a consensual plan of reorganization as proposed by the January 24 Claimants Committee.

24.     On December 3, 2020, the January 24 Claimants Committee filed their First Amended Combined Disclosure Statement and Joint Plan of Liquidating of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code (the "Amended Plan") [Docket No. 443].

25.     On December 30, 2020, the Court entered the Order Confirming First Amended Combined Disclosure Statement and Joint Plan of Liquidating of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code [Docket No. 470].  The effective date of the Amended Plan occurred on December 31, 2020.

## CASE STATUS SUMMARY

26.     During the Application Period, Okin Adams assisted the Trustee with a difficult and expeditious sale process, managing and tracking numerous lawsuits filed against the Debtor while coordinating with insurance counsel for the Debtor, filed and subsequently negotiated objections to the Motions for Remand filed in the litigation cases pending against the Debtor, and played a crucial role in the negotiation of a consensual plan of reorganization with many interested parties.  Additional information relating to more specific work performed during the Application Period is provided in this Application and is set forth in the narratives in Okin Adams' detailed

billing statements, attached as **Exhibit B** to this Application.

## FIRST AND FINAL APPLICATION

27.     **Prior Compensation.**  Okin Adams has not previously filed a chapter 11 fee application for compensation in this case.

28.     **Scope of First and Final Fee Application.**  Okin Adams makes this Application pursuant to 11 U.S.C. § 331 for final approval of compensation for professional services rendered and for reimbursement of out-of-pocket expenses actually and necessarily incurred by Okin Adams in the representation of the Trustee during the period of June 4, 2020 through December 31, 2020 ("Application Period"). Okin Adams additionally seeks compensation for services rendered and expenses incurred in connection with the preparation of this First and Final Fee Application and the fee application of the Trustee and other estate professionals.

29.     **Compensation sought.**  During the Application Period, Okin Adams expended an aggregate total of 870.7 hours for professional services rendered on behalf of the Trustee.  As such, Okin Adams seeks compensation for the following during the Application Period:

| | |
|---|---|
| Fees | $ 417,483.00 |
| Expenses | $ 4,782.53 |
| January Estimate | $ 20,000.00 |
| TOTAL | **$ 442,265.53** |

An accounting of the date such services were rendered and the time expended, together with a description of the services rendered by person and by date is attached hereto as **Exhibit B** to this Application and is incorporated herein by reference.  **Exhibit B** contains a breakdown of the hourly rates charged by Applicant's personnel, setting forth the number of hours expended by individual attorneys in connection with representation of the Trustee during the application period.

30.    **Expenses.**  During the Application period, Okin Adams incurred reimbursable expenses in connection with its representation of the Trustee in the amount of $4,782.53.  All of these expenditures represent necessary and reasonable costs incident to the performance of Okin Adams' services to the Trustee.  The reimbursable expenses are summarized in the attached **Exhibit B**.  The expenses requested in the Application conform to the guidelines as found in the General Order 2001-5, dated May 3, 2001, entitled Guidelines for Attorney Fee Applications - Reimbursement of Expenses.

31.    **Total Compensation Sought.**  In addition to the $422,265.53 that Okin Adams seeks for fees and expenses incurred during the Application Period, Okin Adams seeks an additional $20,000.00 in fees and expenses for preparing and filing this Application, and the fee applications for the Trustee and other estate professionals.  Thus, Okin Adams seeks a total final award of $442,265.53 in fees and expenses for services rendered on behalf of the Trustee during the Application Period and in connection with the preparation of this First and Final Fee Application.

32.    Okin Adams' standard rates are consistent with fees charged by Okin Adams' peers in similar cases.  Further, all professional services for which an allowance is requested were reasonable and necessary for services rendered on behalf of the Trustee in this case.   The rates charged by Okin Adams for services rendered by its attorneys are the same as the rates charged on similar matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved.

33.    Applicant also took measures to utilize attorneys whose expertise is of the requisite level to perform the services. Due to the nature of the Debtor's case and the complex legal issues presented coupled with the speed in which these issues needed to be addressed, a sizeable portion

of partner time was expended to efficiently and effectively represent the Debtor.  It was also occasionally necessary for more than one attorney to participate in a given task or project to adequately and completely represent the Debtor. Dual participation does not equate to duplication of effort, but rather promotes efficiency and prevents unnecessary duplication of effort in the future. Conferences, emails and the preparation of memoranda were used as necessary to promote efficiency. Meetings and telephone conferences occasionally involved multiple separate subject matters and issues which were being handled by different attorneys.

**SUMMARY OF SERVICES PERFORMED**

34.     During the Application Period, Okin Adams performed work in ten different areas: case administration; asset analysis and recovery; asset disposition; fee/employment applications; assumption/rejection of leases and contracts; other contested matters; business operations; financing/cash collateral; claims administrations and objections; and plan and disclosure statement.  The professional hours and rates per task are summarized below:

35.     ***B110 – Case Administration.***  The work performed under this category involved various administrative and other miscellaneous tasks performed on behalf of the Trustee.  This includes reviewing and analyzing various documents and pleadings filed by creditors, the January 24 Claimants Committee and other parties in interest; preparation and review of frequent correspondence with parties in interest including the January 24 Claimants Committee, the Debtor's insurance attorneys, potential buyers of the assets, and counsel and counsel for creditors. In addition, the work in this category includes the payment of ad valorem taxes, addressing issues with respect to environmental concerns, reviewing service lists and other "first day" documents; and filing motions to pay insurance and taxes.  All tasks were necessary as part of the administrative function of Okin Adams' representation of the Trustee.  Okin Adams billed 40.4

hours to this task code with a blended rate of $409.00 per hour for a total amount billed of $16,520.50.

36.      ***B120-Asset Analysis and Recovery.***  The work in this category included the efforts made to retrieve books and records from the Debtor for the Trustee; review of documents retrieved from the Debtor; review and analysis of insurance policies and coverage issues; drafting and filing proofs of claim against Watson Grinding; and preparation of correspondence requesting documents from Debtor's accountant. Okin Adams billed 24.2 hours to this task code with a blended rate of $495 per hour for a total amount billed of $11,989.00.

37.      ***B130 – Asset Disposition.***  The work performed under this category relates to conducting the sale process to sell substantially all assets of the Debtor which included continuing the sale process that was in mid-cycle at the time of the Trustee's appointment; analyzing bids; conducting an auction; negotiating an asset purchase agreement; drafting schedules to the asset purchase agreement; drafting a motion to sell the assets; participating in the sale hearing; addressing closing issues both before and after closing the sale; and closing the transaction.  Okin Adams billed 223 hours to this task code with a blended rate of $473.00 for a total amount billed of $105,579.50.

38.      ***B160-Fee/Employment Applications.***  This category involved work performed by Okin Adams with regard to the Trustee's retention of Okin Adams in this matter.  In addition, this category includes work performed with regard to the Trustee's motion for the continued retention of the Debtor's professionals by the Trustee.  Okin Adams billed 22.5 hours to this task code with a blended rate of $361.00 per hour for a total amount billed of $8,131.00.

39.      ***B185—Assumption/Rejection of Leases and Contracts.***  This category involves all time spent by Okin Adams addressing the assumption and rejection of certain executory

contracts of the Debtor.  Among issues addressed under this category, specifically, time was spent addressing the rejection of certain non-residential real estate leases.  Okin Adams billed 12.5 hours to this task code with a blended rate of $453 per hour for a total amount billed of $5,657.50.

40. **_B190- Other Contested Matters_.**  This category involves all time spent by Okin Adams addressing the pending litigation matters against the Debtor, including the drafting of an objection to the motion for remand and coordinating with the Debtor's insurance carrier regarding the Debtor's defense of the lawsuits.  This category specifically included time spent preparing for hearings; drafting pleadings; participating in strategy calls with the Debtor's insurance counsel; tracking many adversary proceedings; negotiating with the January 24 Claimants Committee regarding resolution of the Motions for Remand; and addressing other various objections lodged by other parties.  Okin Adams billed 159.8 hours to this task code with a blended rate of $487 per hour for a total amount billed of $77,815.00.

41. **_B210-Business Operations_.**  This category involves all time spent by Okin Adams monitoring the operation of Debtor's business during the pendency of its chapter 11 bankruptcy reviewing certain insurance policies; drafting a motion to release insurance proceeds; filing monthly operating reports; and addressing issues related to taxes.  Okin Adams billed 25.2 hours to this task code with a blended rate of $436 for a total amount billed of $10,995.00.

42. **_B230- Financing Cash Collateral._**  This category comprises review of the cash collateral order negotiated by the Debtor and the Debtor's lender and reviewing and approving the use of insurance proceeds to the owner of the Debtor's rented business facilities.  Okin Adams billed 1.9 hours to this task code with a blended rate of $575.00 per hour for a total amount billed of $1,092.50.

43.    ***B310-Claims Administration and Objections.***  This category comprises review of correspondence regarding various objections to claims, as well as pleadings detailing the claims themselves.  In addition, this category includes email server issues, privileged communication issues; issues regarding data conservation; correspondence with creditor's counsel regarding claims and late filed claims; numerous phone calls with the Debtor's insurance counsel regarding the defense of lawsuits; creating and tracking numerous lawsuits filed against the Debtor and Watson Grinding; and addressing issues regarding the objections to the Motions for Remand.  Okin Adams billed 174 hours to this task code with a blended rate of $500 for a total amount billed of $87,018.00.

44.    ***B320-Plan and Disclosure Statement.***  Work in this category included significant negotiation regarding the mechanisms of the Plan including how to address the Motions for Remand in the Amended Plan context; review of the Debtor's proposed plan of reorganization; providing comments on same; review of revised proposed plan of reorganization; participation in numerous disclosure statement hearings; preparing for and attending the confirmation hearing; drafting correspondence and participating in calls regarding concerns about the structure of the Plan and its mechanics. This category also includes time spent preparing for and participating in a mediation with Judge Jones to address these issues.  Okin Adams billed 187.2 hours to this task code with a blended rate of $495 for a total amount billed of $92,685.00.

45.    **Compensation for Preparation of First and Final Fee Application.** Okin Adams estimates that it will incur in excess of 40 hours in professional services rendered in connection with the preparation of this First and Final Fee Application, the Trustee's Fee Application, and other professionals' applications.  Okin Adams values said fees and the corresponding expenses

of service of those applications at approximately $20,000.00.  Thus, the total fees and expenses sought in connection with preparing and noticing the final fee applications is $20,000.00.

## BASIS FOR RELIEF REQUESTED

46.     Section 330 of the Bankruptcy Code authorizes the Court to award Okin Adams "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

47.     To assess the reasonableness of attorneys' fees and expenses under ssection 330(a)(1) of the Bankruptcy Code, courts apply the standards set forth in Bankruptcy Rule 2016 and the twelve factors from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *See In re First Colonial Corp. of Am.,* 544 F.2d 1291, 1298–99 (5th Cir. 1977), *cert. denied,* 431 U.S. 904 (1977) (quoting and applying the *Johnson* factors). The *Johnson* opinion recognized that factors other than number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding. *See Johnson,* 488 F.2d at 717–20. Specifically, the *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) amount involved and the results obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

48.     The Fifth Circuit has long applied the lodestar factors from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), to assess the reasonableness of attorney fee determinations under section 330(a) of the Bankruptcy Code.

49.     Rejecting the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.,* 157 F.3d 414 (5th Cir. 1998), the Fifth Circuit adopted a prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time which they were rendered. *See Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner),* 783 F.3d 266, 276 (5th Cir. 2015). All services rendered by Okin Adams satisfy the *Woerner* standard because they were reasonably likely to benefit the Debtor's estate at the time rendered.

50.     With these standards in mind, each of the twelve *Johnson* factors are discussed in turn.

51.     **Time and Labor Required**.  The time spent in assisting, representing, and advising the Trustee in all matters concerning this chapter 11 case covering the Application Period totals 856.5 hours.  The number of hours spent in this case was reasonable given the size and complexity of this case.   The detail of the specific time entries described in **Exhibit B** reflects the reasonableness of the compensation requested, as all of the services identified were necessary to an adequate and effective representation of the Trustee in this case.

52.     **Novelty and Difficulty of Work**.  Applicant believes that various issues presented in this case have been exceedingly complex and challenging.  At the time the Applicant was retained as Trustee's counsel, the pending sale process was underway, but lacked a level of transparency the Court and other constituencies were prepared to accept.  Addressing a very tight deadline, the Applicant was able to continue and successfully complete a lucrative sale process

bringing millions of dollars into the Debtor's estate in a matter of weeks. Moreover, the Applicant was tasked with managing numerous adversary proceedings and a modified proof of claim process to address the mounting litigation against the Debtor. The Applicant, working with the Debtor's insurance counsel, filed motions to dismiss and objections to motions for remand. All of this on top of assisting the Trustee with his duties of administering the estate and making certain distributions.

53.     The Applicant was also a critical voice in the negotiation of the consensual plan of reorganization approved by this Court. As the Court is aware, the balancing of the January 24 Claimants Committee's concerns along with other constituencies was not an easy task, yet the Applicant continued to work with the parties to reach the best result for the Debtor (and all parties involved). Specifically, the Amended Plan provided for payment in full for all non-tort claimants and equity received a distribution.

54.     **Experience, Reputation, and Ability of Attorneys**. Okin Adams is reputable, possesses ability adequate to perform the tasks outlined in this Application, has worked on numerous bankruptcies similar in size to this case, and has represented Trustees in bankruptcy cases of this size, as well. The attorneys who provided the bulk of the services in this case during the Application Period reflected herein possess specialized skills in bankruptcy, business law and litigation to merit the award of the requested fees.

55.     **Skill Required**. Representation of the Trustee in this chapter 11 case has required a specialized degree of skill and experience. Okin Adams believes it has demonstrated the skills required to achieve results on behalf of the Trustee in this case.

56.    **Preclusion of Other Employment**.  Because of the time commitment involved in this case and deadlines imposed upon Okin Adams, Okin Adams' ability to take on other substantial engagements was limited to some degree.

57.    **Customary Fees**.  Okin Adams' professional services on behalf of the Trustee were necessary and directly contributed to the effective administration of this case.  All fees charged for Okin Adams' professionals were reasonable and are in line with the rates charged on similar matters, without considering size, degree of responsibility, difficulty, complexity, and results achieved.

58.    **Whether the Fees are Fixed or Contingent.**   The fees requested in this Application were calculated at normal hourly rates charged by Okin Adams and are in line with those charged for similar work in this jurisdiction.

59.    **Time Limitations and Other Factors.**  The Debtor's case required expedited consideration in many instances throughout the case.  Okin Adams performed its services on an expedited basis when needed and was successful in meeting the various deadlines imposed by the Bankruptcy Code and the Court.

60.    **Undesirability of the Case**.  This factor has no applicability in this case.

61.    **Results Obtained**.  Okin Adams worked diligently with the Trustee in an effort to allow the Debtor to successfully complete chapter 11 reorganization.

62.    **Nature, Length and Professional Relationship with Client**.  Okin Adams has previously represented the Trustee in other chapter 11 matters.

63.    **Fees Awarded in Similar Cases**.  As more fully described above, Okin Adams submits that its services to the Trustee fully warrant the fees requested herein under the twelve

factors identified by the Fifth Circuit and as are awarded in similar complex cases in the Southern District of Texas.

## **PAYMENT REQUEST**

64.     Okin Adams requests that this Court allow the fees and expenses set out on Exhibit B and approve compensation to Okin Adams on a final basis in the amount of $442,265.53 for professional fees and expenses during this case.  By this Application, Okin Adams respectfully requests that the Court authorize and direct the Watson Valve Liquidating Trustee to pay all approved fees and expenses less the amount actually paid to Okin Adams pursuant to the Interim Compensation Procedures.  During the case, Okin Adams has been paid $149,218.97 in fees and expenses.  Accordingly, upon full and final approval of this Application, the remaining amount due to Okin Adams will be $293,046.56.

## **CONCLUSION**

Based on the foregoing, Okin Adams requests that this Court allow and authorize on a final basis the legal fees and reimbursable expenses incurred by Okin Adams in amounts of (i) $422,265.53 (fees), (ii) $4,782.53 (expenses), and (iii) $20,000.00 in fees and expenses for preparing and noticing final fee applications—for a total amount of $442,265.53.  Okin Adams further requests that this Court grant it any other legal or equitable relief to which it may be entitled.

Respectfully submitted on the 11th day of January, 2020.

**OKIN ADAMS LLP**

By: */s/ Matthew S. Okin*
      Matthew S. Okin
      Texas Bar No. 00784695
      Email: mokin@okinadams.com
      James W. Bartlett, Jr.
      Texas Bar No. 00795238
      Email: jbartlett@okinadams.com
      Edward A. Clarkson, III
      Texas Bar No. 24059118
      Email: eclarkson@okinadams.com
      1113 Vine St. Suite 240
      Houston, TX 77002
      Tel: (713) 228-4100
      Fax: (888) 865-2118

*Counsel to Robert E. Ogle, Chapter 11 Trustee for Watson Valve Services, Inc.*

## STATEMENT OF CERTIFYING PROFESSIONAL

I hereby certify that I have read the foregoing *First and Final Application of Okin Adams LLP, Counsel to the Chapter 11 Trustee, for Allowance and Payment of Fees and Expenses for the Period of June 4, 2020 through December 31, 2020* and to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is billed at rates, in accordance with practices, no less favorable than those customarily employed by Applicant in similar matters and generally accepted by Applicant's clients.

      */s/ Matthew S. Okin*
      Matthew S. Okin

## CERTIFICATE OF SERVICE

I certify that on January 11th, 2020, a true and correct copy of the foregoing Application was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

/s/ *Matthew S. Okin*
Matthew S. Okin