IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WATSON VALVE SERVICES, INC, | § | CASE NO. 20-30968 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**FIRST AND FINAL FEE APPLICATION COVER SHEET FOR THE FIRST AND FINALFEE APPLICATION OF CUMMINGS & HOUSTON, L.L.P., AS ACCOUNTANT, FOR ALLOWANCE OF COMPENSATION AND REIMBURSMENT OF EXPENSES FOR FEBRUARY 2, 2020 – DECEMBER 31, 2020**

| | | |
|---|---|---|
| **Name of Applicant:** | | Cummings & Houston LLP |
| **Applicant's Role in Case:** | | Accountant |
| **Date Order of Appointment Signed:** | | 5/5/20 (Doc. No. 166) |
| | | 10/6/20 (Doc. No. 368) |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 2/2/20 | 12/31/2020 |
| **Time period(s) covered by prior Applications:** | n/a | n/a |
| **Total fees requested in this Application and in all prior Applications:** | | $58,323.25 |
| **Total fees requested in this Application:** | | $58,323.25 |
| **Total professional fees requested in this Application:** | | $56,699.25 |
| **Total actual professional hours covered by this Application:** | | 210.10 |
| **Average hourly rate for professionals:** | | $269.87 |
| **Total paraprofessional fees requested in this Application:** | | $1,624.00 |
| **Total actual paraprofessional hours covered by this Application:** | | 14.00 |
| **Average hourly rate for paraprofessionals:** | | $116.00 |
| **Reimbursable expenses sought in this application:** | | $266.17 |
| **Total to be paid to priority unsecured creditors:** | | To be paid in full |
| **Anticipated % dividend to priority unsecured creditors:** | | 100% |
| **Total to be paid to general unsecured creditors:** | | • Approximately $250-500 million |
| **Anticipated % dividend to general unsecured creditors:** | | • January 24 Claims Against Watson Valve, Class 3, 1- 22.8%<br>• Minor Damage Claims against Watson Grinding, Class 4, 40%-100%<br>• General Unsecured Claims against Watson Grinding, Class 5, 100% |

|  | • Indemnity Claims against Watson Grinding, Class 6, 1% - 100%<br>• January 24 Claims against Watson Valve, Class 10, 1% - 22.8%<br>• Minor Damage Claims against Watson Valve, Class 11, 40% to 100%<br>• General Unsecured Claims against Watson Valve, Class 12, 100%<br>• Indemnity Claims against Watson Valve, Class 13, 1% to 100% |
|---|---|
| **Date of confirmation hearing:** | December 30, 2020 |
| **Indicate whether plan has been confirmed:** | December 30, 2020 [Docket No. 470], Effective Date, December 31, 2020 |
| **Total fees requested in this Application and in all prior Applications:** | $58,323.25 |
| **Total fees requested in this Application:** | $58,323.25 |
| **Total professional fees requested in this Application:** | $56,699.25 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON VALVE SERVICES, INC. | § | CASE NO. 20-30968 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**FIRST AND FINAL FEE APPLICATION OF CUMMINGS & HOUSTON, L.L.P., AS ACCOUNTANT, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR FEBRUARY 2, 2020 – DECEMBER 31, 2020**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW Charles C. Cummings, Jr. on behalf of the firm Cummings & Houston, L.L.P., ("**C&H**") accountants for Robert Ogle, Chapter 11 Trustee of the debtor-in-possession, Watson Valve Services, Inc. ("**Debtor**"), and files this First and Final Application for Compensation and Expenses for the period from February 2, 2020 through December 31, 2020 ("**Application**"). The total amounts for which the court's approval is sought are $58,323.25 in professional fees and $266.17 for the reimbursement of expenses during the period covered by this Application, totaling $58,589.42. In support of said application, C&H would show the Court the following:

**JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. The bases for the relief requested in this Application are Sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), the Procedures for Complex Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas (the "Complex Case Procedures"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

## BACKGROUND

4. On February 6, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief (the "**Bankruptcy Case**") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

5. On January 24, 2020, an explosion (the "**January 24 Explosion**") occurred on the property of Watson Grinding & Manufacturing Co. ("**Watson Grinding**") that tragically took the lives of two people, but also severely damaged the Debtor's and Watson Grinding's business operations. Because of the January 24 Explosion, the Debtor and Watson Grinding filed for bankruptcy protection.

6. On February 10, 2020, the Court granted its own oral motion to approve the appointment of the January 24 claimants committee (the "**January 24 Claimants Committee**").

7. On April 8, 2020, an application was filed with this Court to employ C&H as the accountant for the Debtor [Doc. No. 127], which was approved by this Court's Order on May 5, 2020 [Doc. No. 166].

8. On April 6, 2020, the Court entered an Order pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 120] permitting professionals to file monthly fee statements and allowing the professionals to be paid 80% of the fees and 100% of the expenses if no objections are filed.

9. On May 29, 2020, the January 24 Claimants Committee filed its Emergency Motion for Appointment of Chapter 11 Trustees in both the Debtor's case and in Watson Grinding's bankruptcy case (the "**Chapter 11 Trustee Motion**") [Docket No. 196]. The Court granted the Chapter 11 Trustee Motion [Docket No. 216]. By granting the Chapter 11 Trustee Motion, exclusivity for the Debtor and Watson Grinding to file plans of reorganization terminated.

10. On June 4, 2020, Robert Ogle was appointed as the Chapter 11 Trustee ("**Trustee**") of the bankruptcy estate of the Debtor [Doc. No. 221].

11. On September 4, 2020, the Trustee filed a Motion to Adopt and Ratify Employment of Professionals Employed by Debtor-In-Possession *nunc pro tunc* to June 4, 2020 [Doc. No. 319], which was approved by this Court's Order dated October 6, 2020 [Doc. No. 368].

12. On December 3, 2020, the January 24 Claimants Committee filed their First Amended Combined Disclosure Statement and Joint Plan of Liquidating of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code (the "**Amended Plan**") [Docket No. 443].

13. On December 30, 2020, the Court entered the Order Confirming First Amended Combined Disclosure Statement and Joint Plan of Liquidating of Watson Grinding &

Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code [Docket No. 470]. The effective date of the Amended Plan occurred on December 31, 2020.

## HISTORY OF FEE STATEMENTS

14. On May 12, 2020, C&H filed its first monthly fee statement [Doc. No. 180] for the period of February 20, 2020 through April 30, 2020 requesting fees of $5,848.00 and expenses of $7.00. No objections were filed. C&H was paid 80% of fees and 100% of expenses totaling $4,685.40. A copy of the first monthly fee statement is attached as **Exhibit 1**.

15. On September 10, 2020, C&H filed its second monthly fee statement [Doc. No. 330] for the period of May 1, 2020 through May 31, 2020 requesting fees of $3,330.50. No objections were filed. C&H was paid 80% of fees totaling $2,664.40. A copy of the second monthly fee statement is attached as **Exhibit 2**.

16. On September 10, 2020, C&H filed its third monthly fee statement [Doc. No. 331] for the period of June 1, 2020 through June 30, 2020 requesting fees of $4,199.50 and expenses of $25.88. No objections were filed. C&H was paid 80% of fees and 100% of expenses totaling $3,385.48. A copy of the third monthly fee statement is attached as **Exhibit 3**.

17. On September 10, 2020, C&H filed its fourth monthly fee statement [Doc. No. 332] for the period of July 1, 2020 through July 31, 2020 requesting fees of $9,571.75. No objections were filed. C&H was paid 80% of fees totaling $7,657.40. A copy of the fourth monthly fee statement is attached as **Exhibit 4**.

18. On September 10, 2020, C&H filed its fifth monthly fee statement [Doc. No. 333] for the period of August 1, 2020 through August 31, 2020 requesting fees of $13,192.50 and expenses of $233.29. No objections were filed. C&H was paid 80% of fees and 100% of expenses totaling $10,787.29. A copy of the fifth monthly fee statement is attached as **Exhibit 5**.

### SUMMARY OF SEPTEMBER 2020 FEES AND EXPENSES

19. For the period from September 1, 2020 through September 30, 2020 ("**September Period**") C&H requests compensation for professional services rendered in the amount of $1,104.00. A time analysis expended by C&H professionals and paraprofessionals, together with their respective hourly rates is attached as **Exhibit A**. A copy of the detail work in progress is attached as **Exhibit B**.

### SUMMARY OF OCTOBER 2020 FEES AND EXPENSES

20. For the period from October 1, 2020 to October 31, 2020 ("October Period") C&H requests compensation for professional services rendered in the amount of $1,404.00. A time analysis expended by C&H professional and paraprofessionals together with their respective hourly rates is attached as **Exhibit C**. A copy of the detail work in progress is attached as **Exhibit D**.

### SUMMARY OF NOVEMBER 2020 FEES AND EXPENSES

**21.** For the period from November 1, 2020 to November 30, 2020 ("November Period") C&H requests compensation for professional services rendered in the amount of $7,876.00. A time analysis expended by C&H professional and paraprofessionals together with their respective hourly rates is attached as **Exhibit E**. A copy of the detail work in progress is attached as **Exhibit F**.

### SUMMARY OF DECEMBER 2020 FEES AND EXPENSES

**22.** For the period from December 1, 2020 to December 31, 2020 ("December Period") C&H requests compensation for professional services rendered in the amount of $11,797.00. A time analysis expended by C&H professional and paraprofessionals together with their respective

hourly rates is attached as **Exhibit G**. A copy of the detail work in progress is attached as **Exhibit H**.

## SUMMARY OF TOTAL FEE AND EXPENSE REQUEST

23. C&H requests compensation for professional services rendered from February 20, 2020 through September 31, 2020. A summary is provided below:

| STATEMENT | FEES | EXPENSES | PAYMENTS | BALANCE |
|---|---|---|---|---|
| 1 | $5,848.00 | $7.00 | ($4,685.40) | $1,169.60 |
| 2 | $3,330.50 | $0.00 | ($2,664.40) | $666.10 |
| 3 | $4,199.50 | $25.88 | ($3,385.48) | $839.90 |
| 4 | $9,571.75 | $0.00 | ($7,657.40) | $1,914.35 |
| 5 | $13,192.50 | $233.29 | ($10,787.29) | $2,638.50 |
| September | $1,104.00 | $0.00 | $0.00 | $1,104.00 |
| October | $1,404.00 | $0.00 | $0.00 | $1,404.00 |
| November | $7,876.00 | $0.00 | $0.00 | $7,876.00 |
| December | $11,797.00 | $0.00 | $0.00 | $11,797.00 |
| **Total** | **$58,323.25** | **$266.17** | **($29,179.97)** | **$29,409.45** |

19. This is the first and final application for compensation.

20. C&H has performed certain duties requested by the Debtor and/or the Trustee (depending on the time period) in connection with various tax matters related to the Estate. The detailed time entries and time analysis by employee are exhibits to the First, Second, Third, Fourth, and Fifth Monthly Fee Statements attached hereto as **Exhibits 1-5** and **Exhibits A through H.**

21. This Application is submitted with the understanding that, in evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of

the problem, issue or task addressed; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. These factors reflect the standards articulated in 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016 for awarding compensation to professionals employed under 11 U.S.C. § 327 or § 1103.

22. C&H seeks approval of its professional fees and expenses in the total amount of $58,589.42, of which $58,323.25 is for professional fees and $266.17 is for expenses incurred. C&H has received interim payments for fees and expenses totaling $29,179.97. Accordingly, C&H requests payment of $29,409.45, the total outstanding amounts due through December 31, 2020.

## AUTHORITY

23. Section 330 of the Bankruptcy Code provides for an award of reasonable compensation to estate professionals. 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3) directs bankruptcy courts to "consider the nature, the extent, and the value of" the legal services provided when determining the amount of reasonable compensation to award, taking into account "all relevant factors," including, but not limited to:

 A. the time spent on such services;

 B. the rates charged for such services;

 C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

 D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

 E. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

24. The Fifth Circuit generally uses the lodestar method to calculate reasonable attorneys' fees, including in Chapter 11 cases. *In re Cahill*, 428 F.3d 536 (5th Cir. 2005). The court multiplies the number of hours worked by the prevailing hourly rate in the community. *Shipes v. Trinity Indus.,* 987 F.2d 311, 319 (5th Cir. 1993). The court may adjust the lodestar calculation up or down based on the factors contained in § 330 and its consideration of the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). C&H addresses each factor in turn:

1) <u>Time and labor required</u>. This case required a reasonable and moderate amount of time and labor by C&H. The time spent by C&H was specific and targeted to address the Debtor's tax issues.

2) <u>Novelty and difficulty of the questions</u>. The tax issues posed by this case are not particularly novel, but the fact that the Debtor was in bankruptcy made the tax issues more difficult with different considerations.

3) <u>Skill required to perform the legal services</u>. The skill required to address the Debtor's tax issues entailed a solid foundation in tax and accounting principles. In addition, C&H has performed tax services for the Debtor for decades.

4) <u>Preclusion of employment</u>. C&H was not precluded from other employment due to the acceptance of this case.

5) <u>Customary fees</u>. As discussed above, each of the accountants and paraprofessionals charged his or her customary standard billing rate to this matter. C&H's rates are commensurate with other accounting firms with similar experience.

6) <u>Fixed fee</u>. The fee during this period of time was fixed as each accountant and paraprofessional was performing services on an hourly basis; accordingly, the fee is not contingent upon the success or the results achieved, other than this Court's review of the relative benefits of C&H's efforts to the estate.

7) <u>Results achieved</u>. To date, C&H has assisted the Trustee during the period of employment with tax related matters and the Debtor's plan of reorganization has gone effective.

8) <u>Case prognosis</u>. The confirmed plan of reorganization has been approved and the effective date occurred on December 31, 2020.

9) <u>Experience, reputation</u>. Charles C. Cumming, Jr. is managing partner at C&H and is responsible for the engagement on this matter. Attached as **Exhibit I** is Mr. Cumming's resume.

10) <u>Desirability of case</u>. This case was not undesirable.

11) <u>Relationship with client</u>. C&H has no other matters pending with the Trustee.

12) <u>Awards in similar case</u>. Based upon the facts and circumstances herein, and the awards in similar cases, C&H believes that its request is similar to or less than what would be sought by other accountants and that the fees and expenses requested are reasonable.

25. In sum, C&H's services for the estate were reasonable, necessary, and customary as compared with other similar professionals in the Houston market. C&H should be awarded the full amount of the compensation sought herein for its services.

26. All services for which compensation is requested were performed on behalf of the Trustee and not on behalf of any committee, creditor, debtor, or other person.

27. All services performed were reasonable and necessary, and none were duplicative.

28. There is no agreement or understanding in existence between the C&H and any other party for the sharing of compensation except as allowed under Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## PRAYER

WHEREFORE, C&H prays that the Court grant this Application, allow compensation for services performed from February 2, 2020 – December 31, 2020 in the total amount of $58,589.42, of which $58,323.25 is for fees and $266.17 is for expenses; permit the Watson Valve Liquidating Trustee to issue payment to C&H for the total outstanding balance through December 31, 2020 in

the amount of $29,409.45; and that the Court award any and all further relief to which C&H is justly entitled.

 Dated: January 11, 2021

             Respectfully submitted,

             **CUMMINGS & HOUSTON, L.L.P.**

             */s/ Charles C. Cummings, Jr.*
             Charles C. Cummings, Jr., CPA/CFF, CFE
             Managing Partner
             440 Louisiana St.
             Suite 650
             Houston, TX 77002-1634
             P: 713-224-8890
             F: 713-223-2006

**OKIN ADAMS LLP**

By: */s/ Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
James W. Bartlett, Jr.
Texas Bar No. 00795238
Email: jbartlett@okinadams.com
Edward A. Clarkson, III
Texas Bar No. 24059118
Email: eclarkson@okinadams.com
1113 Vine St. Suite 240
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

*Counsel to Robert E. Ogle,*
*Chapter 11 Trustee for Watson Valve Services, Inc.*

## STATEMENT OF CERTIFYING PROFESSIONAL

I hereby certify that I have read the foregoing *First and Final Application of Cummings & Houston, L.L.P., as Accountant,, for Allowance and Payment of Fees and Expenses for the Period of February 2, 2020 through December 31, 2020* and to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is billed at rates, in accordance with practices, no less favorable than those customarily employed by Applicant in similar matters and generally accepted by Applicant's clients.

/s/ *Charles C. Cummings, Jr.*
Charles C. Cummings, Jr.

## CERTIFICATE OF SERVICE

I certify that on January 11th, 2020, a true and correct copy of the foregoing Application was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

/s/ *Matthew S. Okin*
Matthew S. Okin