IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON VALVE SERVICES, INC. | § § § § | CASE NO. 20-30968 (CHAPTER 11) |
| DEBTOR | § § | |

**4512 STEFFANI PROPERTY, LLC'S RESPONSE
TO JOHN WATSON'S OBJECTION TO PROOF OF CLAIM NO. 48
AND PROOF OF CLAIM NO. 93 FILED BY 4512 STEFFANI PROPERTY, LLC.**

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

Comes now, 4512 Steffani Property, LLC (*"Steffani LLC"*), and files this Response to John Watson's Omnibus Objection to Proof of Claim No. 48 and Proof of Claim No. 93 filed by 4512 Steffani Property, LLC (the *"Watson Objection"*) and in support thereof, would respectfully show this Court as follows:

1. Steffani LLC admits the allegations contained in the first sentence of Paragraph 1 of the Watson Objection. Steffani LLC denies the remaining allegations contained in Paragraph 1 of the Watson Objection.

2. Steffani LLC admits the allegations contained in the first and second sentences of Paragraph 2 of the Watson Objection. The remainder of Paragraph 2 of the Watson Objection contains no allegations of fact; therefore, no response is required – to the extent any factual allegations are made, they are denied.

3. Steffani LLC admits the allegations contained in Paragraph 3 of the Watson Objection.

4. Steffani LLC admits the allegations contained in Paragraph 4 of the Watson Objection.

5. Steffani LLC admits the allegation contained in Paragraph 5 of the Watson Objection that Mr. Watson was granted certain authority pursuant to Article XIV.C of the plan of reorganization confirmed by the Court's order entered on December 30, 2020 and effective as of December 31, 2020. For further response, by its own admission, Watson Valve *knowingly and intentionally approved* the release of the insurance proceeds in their entirety to Texas Capital Bank, as the first Loss Payee under the United Policy insuring the leased premises at 4512 Steffani despite its actual knowledge of the provision in the lease requiring landlord to use insurance proceeds to rebuild the leased premises. *See Texas Capital Bank's Motion for Order Directing Insurance Carrier to Pay Insurance Proceeds Related to the Real Property Commonly Known as 4512 Steffani Lane, Solely and Directly to Texas Capital Bank, N.A.* [ECF 232, p. 6, ¶16] (the **"Texas Capital Bank Motion"**) and Order *Granting the Motion* [ECF 260, p. 1 *("(b) that no opposition to the Motion has been received")*]. The Texas Capital Bank Motion acknowledged that:

> . . . Counsel for Texas Capital reached out to counsel for Watson Valve (Jarrod Martin), Steffani, LLC (Richard Fuqua), and the Committee (Joshua Wolfshohl and Aaron Power) regarding United's request. **Both Watson Valve and Steffani, LLC confirmed their support of the requested relief.** However, prior to this pleading being filed the Valve Trustee was appointed. Subsequent to his appointment, Texas Capital, through counsel, reached out to the Valve Trustee and his counsel (Matt Okin) regarding the requested relief. **Counsel for the Valve Trustee and the Committee have confirmed that their clients do not oppose the relief requested in this Motion.**[1] (Emphasis added).

---

[1] ECF 232, p. 7, ¶ 19 (Texas Capital Bank, N.A.'s Motion for Order Directing Insurance Carrier to Pay Insurance Proceeds related to the Real Property Commonly Known as 4512 Steffani Lane, Solely and Directly to Texas Captial Bank, N.A.).

Therefore, by its express and implied conduct, Watson Valve waived its right to enforce the lease provision requiring landlord to use insurance proceeds to rebuild the leased premises. John Watson, acting on behalf of Watson Valve, is estopped from asserting a position in this proceeding which is directly contrary to its prior conduct and to the detriment of Steffani LLC, who relied upon Watson Valve's prior affirmative consent to the disbursement of insurance proceeds to Texas Capital Bank. In the alternative, the parties by and through their conduct in approving the Texas Capital Bank Motion modified the Lease Agreement by removing landlord's obligation to use insurance proceeds to rebuild the leased premises and consenting to the disbursement of the insurance proceeds to Texas Capital Bank.

6. Paragraph 6 of the Watson Objection contains no allegations of fact; therefore, no response is required. To the extent any factual allegations are made, they are denied.

7. Steffani LLC admits the allegations contained in Paragraph 7 of the Watson Objection.

8. Steffani LLC admits the allegations contained in Paragraph 8 of the Watson Objection.

9. Steffani LLC admits the allegations contained in Paragraph 9 of the Watson Objection that an explosion occurred on the property of Watson Grinding on January 24, 2020, that Valve's facilities were damaged and that Valve sought bankruptcy protection to effectuate a restructuring. Steffani LLC denies the remaining allegations in Paragraph 9 of the Watson Objection.

10. Steffani LLC is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Watson Objection. Therefore, for pleading purposes, those

allegations are denied.

11.     Steffani LLC admits the allegations contained in Paragraph 11 of the Watson Objection.

12.     Steffani LLC admits the allegations contained in Paragraph 12 of the Watson Objection.

13.     Steffani LLC admits the allegations contained in the first and second sentences of Paragraph 13 of the Watson Objection. Steffani LLC admits the allegation contained in the third sentence of Paragraph 13 of the Watson Objection that Mr. Watson brings this Objection in accordance with the Plan provision, but denies that such action is authorized for the reasons stated in Steffani LLC's response to Paragraph 5 of the Watson Objection.

14.     Steffani LLC admits the allegations contained in Paragraph 14 of the Watson Objection.

15.     Steffani LLC admits the allegations contained in the first sentence of Paragraph 15 of the Watson Objection. For further answer, Steffani LLC will amend Claim No. 93 for lease rejection damages to remove any amounts for the 2019 ad valorem property taxes. Steffani LLC denies the remaining allegations contained in Paragraph 15 of the Watson Objection.

16.     Steffani LLC denies the allegation contained in Paragraph 16 of the Watson Objection as worded because it is an incomplete statement of the description of the "Leased Premises" set forth in the lease.

17.     Steffani LLC is without sufficient information to either admit or deny the allegations contained in the first sentence of Paragraph 17 of the Watson Objection. Therefore, for pleading purposes, those allegations are denied. Steffani LLC admits the allegations contained in the second

and third sentences of Paragraph 17 of the Watson Objection.

18. Steffani LLC admits the allegations contained in Paragraph 18 of the Watson Objection that the January 24 Explosion occurred and that Valve stored personal property in the Leased Premises. Steffani LLC denies the remaining allegations contained in Paragraph 18 of the Watson Objection as worded.

19. Steffani LLC admits the allegations contained in Paragraph 19 of the Watson Objection.

20. Steffani LLC admits the allegations contained in the first sentence of Paragraph 20 of the Watson Objection and denies the allegations contained in the second sentence.

21. Steffani LLC admits the allegations contained in Paragraph 21 of the Watson Objection.

22. Steffani LLC admits the allegations contained in Paragraph 22 of the Watson Objection.

23. Steffani LLC admits the allegations contained in the first and sixth sentences of Paragraph 23 of the Watson Objection. Steffani LLC is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 23 of the Watson Objection. Therefore, for pleading purposes, those allegations are denied.

24. Steffani LLC admits the allegations contained in Paragraph 24 of the Watson Objection.

25. Steffani LLC admits the allegations contained in the first and second sentences of Paragraph 25 of the Watson Objection. Steffani LLC denies the remaining allegations contained in Paragraph 25 and those described in section (i) following Paragraph 25.

26. The first sentence of Paragraph 26 of the Watson Objection contains no allegations of fact; therefore, no response is required – to the extent any factual allegations are made, they are denied. Steffani LLC denies the allegations contained in the second sentence of Paragraph 26 of the Watson Objection.

27. Steffani LLC admits the allegations contained in the first and third sentences of Paragraph 27 of the Watson Objection and denies the remaining allegations as worded.

28. Steffani LLC admits the allegation contained in Paragraph 28 of the Watson Objection that Steffani LLC consented to the release of insurance funds to Texas Capital Bank. For further response, Steffani LLC answers that the release of insurance funds was agreed to by Watson Valve, the Committee for January 24 Creditors, the Watson Valve Trustee and Texas Capital Bank. Steffani LLC denies the remaining allegations contained in Paragraph 28 of the Watson Objection.

29. The first and second sentences in Paragraph 29 of the Watson Objection contain no allegations of fact; therefore, no response is required – to the extent any factual allegations are made, they are denied. Steffani LLC denies the remaining allegations contained in Paragraph 29 of the Watson Objection as worded.

30. Steffani LLC denies the allegations contained in Paragraph 30 of the Watson Objection and those in section (ii) following Paragraph 30.

31. Paragraph 31 of the Watson Objection contains no allegations of fact; therefore, no response is required – to the extent any factual allegations are made, they are denied.

32. Steffani LLC admits the allegations contained in the first, second and third sentences of Paragraph 32 of the Watson Objection were accurate with respect to the lease agreement as originally written. Steffani LLC further responds that those lease provisions are inapplicable for the reasons stated in Steffani LLC's response to Paragraph 5 of the Watson Objection. Steffani LLC denies the remaining allegations contained in Paragraph 32 of the Watson Objection.

33. Steffani LLC denies the allegations contained in Paragraph 33 of the Watson Objection and those stated in section (iii) following Paragraph 33.

34. The first sentence of Paragraph 34 of the Watson Objection contains no allegations of fact; therefore, no response is required – to the extent any factual allegations are made, they are denied. Steffani LLC denies the allegation contained in the second sentence in Paragraph 34 of Watson Objection.

35. Steffani LLC denies the allegations contained in Paragraph 35 of the Watson Objection as worded. Steffani LLC admits that Exhibit A described the Leased Premises as set forth in the second sentence of Paragraph 35.

36. Steffani LLC admits that the allegations contained in the first, second and third sentences of Paragraph 36 of the Watson Objection were accurate with respect to the lease agreement as originally written. Steffani LLC further responds that those lease provisions are inapplicable for the reasons stated in Steffani LLC's response to Paragraph 5 of the Watson Objection. Steffani LLC denies the remaining allegations contained in Paragraph 36 of the Watson Objection.

37. Steffani LLC admits the allegation contained in Paragraph 37 of the Watson Objection that section 12.c of the Lease permitted rent abatement as set forth therein. Steffani LLC denies the remaining allegations contained in Paragraph 37 of the Watson Objection.

38. The first sentence of Paragraph 38 of the Watson Objection contains no allegations of fact; therefore, no response is required – to the extent any factual allegations are made, they are denied. Steffani LLC admits the allegation contained in the second sentence of Paragraph 38 of the Watson Objection. Steffani LLC denies the allegation contained in the third sentence of Paragraph 38 of the Watson Objection and those stated in section (iv) following Paragraph 38.

39. Steffani LLC admits the allegations contained in the first sentence of Paragraph 39 of the Watson Objection were accurate with respect to the lease agreement as originally written. Steffani LLC further responds that those lease provisions are inapplicable for the reasons stated in Steffani LLC's response to Paragraph 5 of the Watson Objection. Steffani LLC denies the remaining allegations contained in Paragraph 39 of the Watson Objection.

40. Steffani LLC admits the allegation contained in Paragraph 40 of the Watson Objection that section 12.c of the Lease permitted rent abatement as set forth therein. Steffani LLC denies the remaining allegations contained in Paragraph 40 of the Watson Objection and those stated in section (v) following Paragraph 40.

41. Steffani LLC admits the allegations contained in Paragraph 41 of the Watson Objection that the $1.3 million insurance proceeds were disbursed to Steffani LLC's secured lender, Texas Capital Bank, and that Steffani LLC received an administrative claim of $184,854. Steffani LLC denies the remaining allegations contained in Paragraph 41 of the Watson Objection.

42. Steffani LLC admits the allegation contained in the first sentence of Paragraph 42 of the Watson Objection that 2020 ad valorem property taxes were claimed as part of the lease rejection damages. For further answer, Steffani LLC will amend its Claim No. 93 for lease rejection damages to remove any amounts for the 2019 ad valorem property taxes and to include a pro rata portion of 2020 ad valorem taxes only for the months October through December and the pro rata portion of 2021 ad valorem taxes for January through September. As amended, Claim No. 93 will include lease rejection damages for rental obligations plus ad valorem taxes accruing during the 12 month period following lease rejection on September 30, 2020. Steffani LLC denies the remaining allegations contained in Paragraph 42 of the Watson Objection.

43. Steffani LLC is without sufficient information to either admit or deny the allegations contained in the first and fourth sentences of Paragraph 43 of the Watson Objection because the time period referenced is unclear. Therefore, for pleading purposes, those allegations are denied. Steffani LLC admits the allegations contained in the second and third sentences of Paragraph 43 of the Watson Objection.

44. Steffani LLC admits the allegation contained in Paragraph 44 of the Watson Objection that the Stipulated Order provided that nothing in the Stipulated Order itself constituted a waiver of Steffani from asserting lease rejection damages. For further answer, Steffani LLC will amend its Claim No. 93 for lease rejection damages to remove any amounts for the 2019 ad valorem property taxes and to include a pro rata portion of 2020 ad valorem taxes only for the months October through December and the pro rata portion of 2021 ad valorem taxes for January through September. As amended, Claim No. 93 will include lease rejection damages for rental obligations

plus ad valorem taxes accruing during the 12 month period following lease rejection on September 30, 2020. Steffani LLC denies the remaining allegations contained in Paragraph 44 of the Watson Objection.

45. Steffani LLC is without sufficient information to either admit or deny the allegations contained in Paragraph 45 of the Watson Objection. Therefore, for pleading purposes, those allegations are denied. For further answer, Steffani will amend Claim 48 to reflect the amount of $32,563.13 for 2019 ad valorem taxes due and owing on the Petition Date.

46. Steffani LLC admits the allegations contained in the first and second sentences of Paragraph 46 of the Watson Objection. Steffani LLC denies the remaining allegations contained in Paragraph 46 of the Watson Objection.

47. Steffani LLC is without sufficient information to either admit or deny the allegations contained in Paragraph 47 of the Watson Objection. Therefore, for pleading purposes, those allegations are denied. For further answer, Steffani LLC will amend its Claim No. 93 for lease rejection damages to remove any amounts for the 2019 ad valorem property taxes and to include a pro rata portion of 2020 ad valorem taxes only for the months October through December and the pro rata portion of 2021 ad valorem taxes for January through September. As amended, Claim No. 93 will include lease rejection damages for rental obligations plus ad valorem taxes accruing during the 12 month period following lease rejection on September 30, 2020. Steffani LLC denies the remaining allegations contained in Paragraph 42 of the Watson Objection.

48. Steffani LLC is without sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Watson Objection. Therefore, for pleading purposes, those

allegations are denied. For further answer, Steffani LLC will amend Claim No. 48 to include 2019 ad valorem taxes in the amount of $32,563.13 due and owing on the Petition Date and will amend its Claim No. 93 for lease rejection damages to remove any amounts for the 2019 ad valorem property taxes and to include a pro rata portion of 2020 ad valorem taxes only for the months October through December and the pro rata portion of 2021 ad valorem taxes for January through September. As amended, Claim No. 93 will include lease rejection damages for rental obligations plus ad valorem taxes accruing during the 12 month period following lease rejection on September 30, 2020.

49. Steffani LLC admits the allegations contained in Paragraph 49 of the Watson Objection.

50. Steffani LLC admits the allegations contained in Paragraph 50 of the Watson Objection.

Dated:     April 2, 2021

Respectfully submitted,

FUQUA & ASSOCIATES, P.C.

By:     */s/ Richard L. Fuqua*
Richard L. Fuqua
Texas Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, Texas 77019
Phone:    713-960-0277
Facsimile: 713-960-1064
Email: rlfuqua@fuqualegal.com

Counsel for 4512 Steffani Property, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 2, 2021, a true and correct copy of the foregoing *Response to John Watson's Omnibus Objection to Proof of Claim No. 48 and Proof of Claim No. 93 filed by 4512 Steffani Property, LLC* was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by First Class Mail, postage prepaid and email on the following parties:

Lenard M. Parkins
Parkins Lee & Rubio LLP
Pennzoil Place
700 Milam Street # 1300
Houston, Texas 77002
Email: lparkins@parkinslee.com
Email: rshannon@parkinslee.com

Charles M. Rubio
50 Main Street, Suite 1000
White Plains, NY 10606
Email: crubio@parkinslee.com

                                          */s/ Richard L. Fuqua*
                                          Richard L. Fuqua