UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 20-30968 |
| Watson Valve Services, Inc. | Chapter 11 |
| Debtor. | |

**MOTION FOR ORDER APPROVING FINANCING ARRANGEMENT IN CONNECTION WITH LIQUIDATING AND PROSECUTING CLAIMS**
[Relates to ECF 589]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Eva Engelhart, in her capacity as the Liquidating Trustee for Watson Valve Services, Inc. (the "Watson Valve Trustee") and John M. Watson ("Watson") file this *Motion For Order Approving Financing Arrangement In Connection With Liquidating and Prosecuting Claims* (the "Motion") and respectfully states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this Motion under 28 U.S.C. § 1334 and this Court's retention of jurisdiction under Article XI of the confirmed plan [ECF 443] (the "Plan").

2. This matter is a core matter under 28 U.S.C. §§ 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

4. The statutory predicate for the relief requested is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

## BACKGROUND

5. On December 30, 2020, the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered the *Order Confirming First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc.* [Dkt. No. 470] (together with the chapter 11 plan attached thereto, the "Confirmation Order").[1]

6. Pursuant to the Confirmation Order, Eva Engelhart was appointed the Watson Valve Trustee.

7. Pursuant to the Plan, the Watson Valve Liquidating Trust Assets were transferred to the Watson Valve Liquidating Trust. The Watson Valve Liquidating Trust Assets include the Valve Claims and Retained Causes of Action. The Valve Claims and Retained Causes of Action include (i) all Claims asserted in the proof of claim filed by Watson Valve Services, Inc. ("Watson Valve") against Watson Grinding & Manufacturing Co. (Claim No. 349) (the "Proof of Claim"), and (ii) any and all Causes of Action, now owned by Watson Valve or the Watson Valve Estate that are or may be pending or on or have accrued prior to the Effective Date against any Person or

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Confirmation Order.

Entity, based in law or equity, whether asserted or unasserted as of the Effective Date arising from or related to the Explosion (the "Third-Party Claims").

8. The Plan provides in part:

> [T]he Watson Valve Trustee shall be entitled to exercise all powers and duties as set forth in the Watson Valve Liquidating Trust Agreement, including, but not limited to retaining professionals and advisors, attorneys and accountants, as the Watson Valve Trustee deems appropriate and advisable, and to pay such professionals as professionals and expenses of administration of the Watson Valve Liquidating Trust, without the need for Bankruptcy Court approval or authorization.

Plan at 53.

9. The Watson Valve Trustee has retained Parkins Lee & Rubio LLP ("PLR") to prosecute and liquidate the Proof of Claim in the Bankruptcy Court.

10. The Watson Valve Trustee has retained Streusand, Landon, Ozburn & Lemmon, LLP ("SLOL"), Jeff Edwards Law Group PLLC ("Edwards") and Walston Bowlin Callender PLLC ("WBC" and collectively with SLOL and Edwards, the "Plaintiff Law Firm Group") to prosecute and liquidate the Third-Party Claims in state court.

11. The Watson Valve Trustee and Watson desire to enter into an arrangement whereby (i) Watson will pay PLR's normal hourly fees and reimbursement of its expenses for PLR's work in prosecuting and liquidating the Proof of Claim with all such amounts paid by Watson to be reimbursed first from any recovery by the Watson Valve Trustee from the Proof of Claim and (ii) Watson will pay 50% of the fees and expenses of a valuation/damages expert (the "Valuation Expert"), in an amount not to exceed $75,000, with all such amounts paid by Watson to be reimbursed from any recovery from the Proof of Claim or any recovery from the Third-Party Claims.[2]

---

[2] The other 50% of fees and expenses of the Valuation Expert are to be paid by the Plaintiff Law Firm Group.

12. On January 18, 2022, the Watson Valve Trustee, Watson, PLR and the Plaintiff Law Firm Group filed a Stipulation [ECF 588] describing the retentions of PLR and the Plaintiff Law Firm Group by the Watson Valve Trustee. The Stipulation also provided for the financing arrangement with Watson.

13. On January 19, 2022, the Bankruptcy Court entered the *Order To File Motion In Support of Stipulation* [ECF 589] (the "Order to File"). Pursuant to the Order to File, the Bankruptcy Court stated in relevant part: "if the retention of the law firms is within [the Watson Valve Trustee's] power, she must explain why Court approval is being sought. The trust agreement appears to vest her with that power." As the Bankruptcy Court suggests in the Order to File, the Watson Valve Trustee believes it is within her authority to retain law firms without further order of the court.

14. The portion of the Stipulation that requires court approval is the financing arrangement with Watson. As directed by the Bankruptcy Court, the Watson Valve Trustee and Watson file this Motion to seek approval of the proposed financing arrangement set forth in the Stipulation.

15. In the Order to File, the Bankruptcy Court stated: "The stipulation includes a provision that 'No further order of this Court is required regarding any settlement or resolution of the Third-Party Claims.' Engelhart must explain the legality of this provision in light of the confirmed plan."

16. With respect to the approval of settlements, the Plan provides in relevant part:

> Any settlement of a Retained Cause of Action that would result in Grinding Insurance Recovery or Valve Insurance Recovery, or that would require disbursements to be made from Liquidating Trust Cash or Valve Cash, must be approved by the Bankruptcy Court pursuant to the standards of Bankruptcy Rule 9019 on at least 14 days' notice to all affected creditors and equity interest holders.

Plan at 55. The Watson Valve Trustee will seek approval of any settlement she is required to obtain under the Plan. The Watson Valve Trustee is not seeking to alter the requirements for approval of settlements; therefore, this relief is not requested in this Motion.

## RELIEF REQUESTED

17. The Watson Valve Trustee seeks approval from the Court to enter into a financing arrangement with Watson whereby (i) Watson will pay PLR's normal hourly fees and reimbursement of its expenses for PLR's work in prosecuting and liquidating the Proof of Claim with all such amounts paid by Watson to be reimbursed first from any recovery by the Watson Valve Trustee from the Proof of Claim and (ii) Watson will pay 50% of the fees and expenses of a valuation/damages expert (the "Valuation Expert"), in an amount not to exceed $75,000, with all such amounts paid by Watson to be reimbursed from any recovery from the Proof of Claim or any recovery from the Third-Party Claims.

## BASIS FOR RELIEF

18. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Watson Valve Trustee and Watson contend that the relief requested herein is necessary and appropriate to provide financing to pay counsel's fees and expenses to liquidate the Proof of Claim and to pay a portion of the fees and expenses of the Valuation Expert.

19. Watson is potentially one of the largest remaining beneficiaries of the Watson Valve Liquidating Trust. He has an interest in ensuring that the Proof of Claim is liquidated, and the Third-Party Claims are prosecuted.

20. Watson is not charging any interest of fees on any of the funds he is advancing under the financing arrangement. He is looking solely to the recovery of the Proofs of Claim and Third-Party Claim to reimburse the funds he is advancing.

21. The Watson Valve Trustee and Watson contend that the financing arrangement is in the best interest of the Liquidating Trust and its beneficiaries. Under the financing arrangement with Watson, the Liquidating Trust does not have to use its own funds to pay the fees and expenses of PLR or 50% of the fees and expenses of the Valuation Expert. Reimbursement of such fees and expenses only occurs if there is a recovery.

22. This financing arrangement is similar to the financing arrangement that was approved under the Plan with respect to the Watson Valve claim objections. Like under the proposed financing arrangement, under the financing arrangement for the Watson Valve claim objections, Watson funded the fees and expenses of counsel to the Watson Valve Liquidating Trust to object to claims and Watson was reimbursed, without any interest of fees, exclusively from the cost savings realized from the claim objections. See Plan at 66.

23. The consideration Watson is receiving for entering into this financing arrangement is (i) counsel is put in place that Watson supports to liquidate and prosecute the Proof of Claim and the Third-Party Claims and (ii) he has the potential to be reimbursed if there is a recovery on the Proof of Claim or Third-Party Claims.

## **NOTICE**

24. In the Order to File, the Bankruptcy Court stated: "Any stipulation that purports to bind the beneficiaries must be served on the beneficiaries. Accordingly, an appropriate certificate of service is required. If the beneficiaries are not intended to be bound, no additional service is required." Notice of this Motion is being provided to every creditor and party in interest on the

service list in this case. The Watson Valve Trustee and Watson believe this list includes all the beneficiaries of the Watson Valve Liquidating Trust.

## CONCLUSION

WHEREFORE, the Watson Valve Trustee and Watson respectfully requests that this Court enter an order substantially in the form attached hereto and grant such other and further relief as may be just and proper.

Dated: January 25, 2022

*/s/ Charles M. Rubio*
PARKINS LEE & RUBIO LLP
Lenard M. Parkins PLLC
TX Bar No. 15518200
Charles M. Rubio P.C.
TX Bar No. 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: lparkins@parkinslee.com
          crubio@parkinslee.com
Phone: 713-715-1660

*Counsel for John M. Watson*


EVA ENGELHART,
in her capacity as the Liquidating Trustee
for Watson Valve Services

By: */s/ Eva Engelhart*


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served by first class mail to all the parties set forth on the attached service list.

*/s/ Charles M. Rubio*

7

## CERTIFICATE OF CONFERENCE

Undersigned counsel emailed a draft of this Motion to attorneys for each firm in the Plaintiff Law Firm Group and they have informed undersigned counsel that they support the relief requested.

*/s/ Charles M. Rubio*